583 So.2d 1164 (1991)
Linda WILSON, et al.
v.
CENTRAL GULF LINES, INC. (Two Cases).
Nos. 90-CA-1262, 90-CA-1263.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 1991.
Rehearing Denied September 17, 1991.
Stuart H. Smith, Jack W. Harang, Law Office of Jack Harang, New Orleans, for plaintiffs-appellees Linda Wilson, et al.
John V. Baus, Grady S. Hurley, Patrick H. Patrick, Jones, Walker, Waechter, Poitevent, *1165 Carrere & Denegre, New Orleans, for defendant-appellant Central Gulf Lines, Inc.
Before KLEES, and BYRNES, JJ., and PRESTON H. HUFFT, Judge Pro Tem.
KLEES, Judge.
Defendant Central Gulf Lines, Inc., appeals the district court's annulment of its prior judgment, which had dismissed plaintiff's claim with prejudice. We find that the trial judge erred in granting the motion to annul. We therefore reverse, and reinstate the trial court's judgment of dismissal.
On August 16, 1988, Linda Wilson filed a claim against Central Gulf under the general maritime law and the Jones Act, 46 U.S.C. § 688, for the alleged wrongful death of her husband. The decedent was employed by Central Gulf as a seaman on its vessel the S/S GREEN HARBOUR, which was under charter to the United States for use by the Military Sealift Command, an agency of the Department of the Navy. On November 12, 1986, after his employment with Central Gulf had ended, Dennis Wilson suffered a fatal heart attack which plaintiff claims is casusally related to his former employment.
Plaintiff's suit was filed in civil district court in Orleans parish. Central Gulf motioned for summary judgment on the grounds that plaintiff's exclusive remedy was in federal court against the United States under the Suits in Admiralty Act, 46 U.S.C. §§ 741-752. The trial court granted the motion and dismissed plaintiff's case with prejudice on May 22, 1989. Plaintiff did not appeal, and the judgment became final on July 30, 1989.
On June 12, 1989, the United States Court of Appeals for the Fifth Circuit issued an opinion in Williams v. Central Gulf Lines, Inc., 874 F.2d 1058 (5th Cir. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 843, 107 L.Ed.2d 837 (1990), reversing the federal district court and holding that, under facts similar to those in the instant case, the Suits in Admiralty Act did not bar suit by a seaman employee against Central Gulf. One of the attorneys who represented Central Gulf in the Williams case is also counsel for Central Gulf in the instant case.
On October 18, 1989, plaintiff attempted to have the judgment of dismissal annulled by filing a "motion to amend" the judgment pursuant to article 2004 of the Louisiana Code of Civil Procedure. Because filing a motion to amend is not the proper procedure for invoking an article 2004 action for nullity, the trial judge continued the motion, and ordered plaintiff to file a separate petition to annul the judgment, which would be consolidated with the original action.
Plaintiff then filed a petition to annul the judgment of dismissal. Both plaintiff and defendant brought motions for summary judgment on the petition to annul, which were heard by the trial court on April 20, 1990.
Article 2004 states:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
Plaintiff contended that the judgment of dismissal should be annulled because Central Gulf's counsel was aware that the decision in the Williams case was pending at the time the motion to dismiss was argued, but failed to notify the trial judge or opposing counsel of this fact. Plaintiff also argued that if the judgment was not annulled, she would be left without a remedy.[1] *1166 Defendant's counsel argued that there was no "fraud or ill practice" involved because he had complied with the applicable ethical rule for attorneys by disclosing all existing authority that was adverse to Central Gulf's position at the time the motion was decided.
On April 30, 1990, the trial court issued judgment granting plaintiff's motion to annul, stating "[I]t is this Court's opinion that enforcement of the prior Judgment would be inequitable and unconscionable...."
On appeal, defendant argues that the trial court erred in annulling the judgment because the conditions for nullity under article 2004 were not met. We agree.
It is clear from the record that the trial judge annulled the judgment because he believed that he was misinformed as to the status of the law at the time he granted the motion to dismiss plaintiff's case. Nevertheless, he erred in annulling the judgment for two reasons: (1) He was correctly apprised of the status of the law at the time he dismissed the claim; the law (arguably) changed afterward, when the Williams case was decided; and (2) The proper remedy to correct an error of law in a judgment is an appeal, not a nullity action.
Article 2004 only provides relief from judgments "`obtained by' fraud or ill practice". Ward v. Pennington, 523 So.2d 1286, 1289 (La.1988). As the Louisiana Supreme Court has stated: "The action provided by this article is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but, rather, is a separate remedy designed to afford relief against a judgment procured by methods viewed with disclaim by the judiciary." Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980). Therefore, although the definition of "ill practice" is broad, there clearly must be some improper practice or procedure involved to invoke a nullity action. See Phillips v. Patin, 517 So.2d 190, 192 (La.App. 1st Cir.1987) and cases cited therein.
In the instant case there was no improper practice. Central Gulf's attorney had no obligation, either legal or ethical, to disclose the existence of another, similar case still pending in federal appeals court. At the time the motion to dismiss was decided, the Williams decision by the federal district court was in accord with Central Gulf's position; there was no way that Central Gulf's counsel could have predicted that the decision would subsequently be reversed by the Fifth Circuit. The attorney complied with the ethical code of his profession by disclosing all adverse authority within the controlling jurisdiction. See Louisiana Rules of Professional Conduct 3.3(a)(3).
Moreover, the Williams case was decided by the Fifth Circuit and the decision was published in the advance sheets several weeks before plaintiff's time to appeal the judgment of dismissal had expired.
Accordingly, we find that the petition for nullity under article 2004 was improperly granted, and we therefore reverse the district court's judgment of nullity and reinstate its prior judgment dismissing plaintiff's claim with prejudice.
REVERSED AND REINSTATED.
NOTES
[1] Prior to the dismissal of her state court action, plaintiff had filed suit against both Central Gulf and the United States in the U.S. District Court for the Eastern District of Louisiana. However, the claim against the United States was dismissed on account of prescription. Subsequently, the federal claim against Central Gulf was also dismissed. The reason for its dismissal is not clear from the record. Central Gulf asserts that plaintiff voluntarily dismissed her claim. Plaintiff contends that counsel for Central Gulf had the federal claim dismissed on the basis of res judicata after her state court action had been dismissed.