615 So.2d 1120 (1993)
Perrin C. BUTLER, Plaintiff/Appellant,
v.
O. William REEDER, Jr., D.M.D., et al., Defendants/Appellees.
No. 92-CA-756.
Court of Appeal of Louisiana, Fifth Circuit.
March 17, 1993.
*1121 Robert C. Stern, Butler & Stern, Metairie, for plaintiff/appellant Perrin C. Butler.
Christopher E. Lawler and Kevin K. Gipson, Donovan & Lawler, Metairie, for defendant/appellee O. William Reeder, Jr.
Wiley J. Beevers, Gretna, in pro. per. and as counsel of record for defendant/appellee, Curtis Gordon.
Before KLIEBERT, C.J., and BOWES and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Perrin Butler, appeals from two judgments, one dated October 10, 1991 in favor of defendants, Wiley J. Beevers and Curtis Gordon, and one judgment dated October 15, 1991 in favor of defendant, O. William Reeder, Jr., granting their motions for summary judgment. For the reasons which follow, we affirm.
Plaintiff brought this action for defamation against the above named three defendants and his former spouse, Mary Andrews Butler, and her homeowner's insurer, United States Fidelity and Guaranty (USF & G). Plaintiff alleges that he was defamed in Butler's answer to his earlier divorce petition against her. He contends that the other defendants conspired to assist her in this defamation. More specifically, he contends that his former spouse wrote the answer, containing information which she knew to be false and damaging to plaintiff. The answer was allegedly reviewed by Beevers, who is an attorney. Beevers was allegedly requested to review the document by Reeder, who allegedly paid Beevers for his services to Butler. Gordon is alleged to have filed the defamatory answer into the record at the courthouse at Beevers' request. Because of the foregoing, plaintiff alleges that all defendants are jointly liable for conspiring to defame him. In a supplemental petition, plaintiff also alleges that Reeder defamed him in a pleading filed in another case entitled "Capaci v. Reeder" involving Reeder and his former wife. In that pleading, Reeder's attorney alleged certain facts concerning plaintiff in support of an injunction request.
The events leading up to this defamation action are noteworthy. Plaintiff discovered that Butler was having an affair with Reeder. Thereafter plaintiff obtained a divorce from her on the grounds of adultery, which she admitted. From then to the present, plaintiff has been involved in five separate cases against Reeder, including representation of Reeder's former spouse in their domestic litigation. Plaintiff has personally filed suits against Reeder for medical malpractice and for intentional interference with the contract of marriage, (the latter was dismissed on an exception of no cause of action and affirmed by this court). Butler v. Reeder, 573 So.2d 1159 (La.App. 5th Cir.1991).
*1122 Beevers, Reeder and Gordon filed motions for summary judgment which were set for October 10, 1991. USF & G also filed a motion for summary judgment which was set for October 17, 1991. Plaintiff did not file an opposition to the October 10th motions. He does not deny that he knew about the motions and their hearing date. However, he contends that an employee from his office telephoned the USF & G attorney on October 8, 1991 and was informed by him that the motions were all going to be heard on October 17, 1991. Because of his reliance on this telephone message, plaintiff did not appear in court on October 10, 1991. The motions were called, taken up and granted on that date. A judgment for Beavers and Gordon was signed on October 10, 1991. A judgment for Reeder was signed on October 15, 1991. After being advised of the action taken on the motions for summary judgment, plaintiff filed motions to reconsider and motions for new trial. All were denied. It is from these two judgments that plaintiff now appeals. Plaintiff has also filed a petition in district court to annul the summary judgments.
Plaintiff argues here that the trial court erred, both procedurally and substantively, in granting the motions for summary judgment. First, plaintiff contends that the court erred in rendering the judgments in his absence. He argues that the judgments were "obtained through ill practices." He contends that his absence was the result solely of misinformation given to him by another, and thus he should have been allowed another opportunity to present his case. By this, plaintiff is referring to being advised by the attorney for USF & G that the motions would not be heard until October, 17, 1991. Consequently, he was not present at the hearing on October 10, 1991. Next, plaintiff argues that the court erred in granting the motions for summary judgment because there were contested issues of material fact and plaintiffs were not entitled to judgment as a matter of law. Finally, plaintiff argues that the district court erred in denying his motions for new trial without a hearing.
Code of Civil Procedure article 2004 addresses the issue of judgments obtained through ill practices, and provides:
A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
Plaintiff contends that under the interpretation of this article by the Louisiana Supreme Court in Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983), plaintiff must only show (1) a deprivation of legal rights of the litigant who seeks relief, and (2) that enforcement of the judgment would be inequitable or unconscionable. He contends that both these criteria are met in this case and thus the summary judgment should be reversed by this court. We disagree.
Plaintiff has filed, in district court, a petition to annul the summary judgments based on these grounds. In our view, that is where the appropriate determination of this issue belongs. The trial court can conduct a hearing and consider evidence of the events surrounding plaintiff's absence from the hearing. Here, we have no record or evidence upon which to base a decision, only plaintiff's assertions of what took place and with whom. Furthermore, plaintiff does not contend that he was unaware of the hearing date, or that counsel for one of the parties involved gave him misinformation.[1] Rather, knowing that the hearing was set for October 10, 1991, he relied on information from another party, whose motion was not even set for that date, that the hearing on the motions was continued. He did not attempt to verify *1123 that information with either the court or opposing counsel, nor did plaintiff timely file oppositions to the motions for summary judgments. Accordingly, we find that plaintiff's assignments of error, contending that the summary judgments were procedurally flawed because of his absence, have no merit at this stage of the proceedings.
Plaintiff next addresses his appeal to an asserted substantive error in the granting of the summary judgments. Plaintiff argues that there were unresolved material issues of fact and that defendants were not entitled to judgment as a matter of law.
The law is well settled that summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions, and supporting affidavits show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Supporting and opposing affidavits shall be made on personal knowledge and set forth facts that would be admissible in evidence. La.C.C.P. art. 967. When the motion for summary judgment is made and supported with such affidavits, the adverse party must set forth specific facts showing that there is a genuine issue for trial. La.C.C.P. art. 967. Deposition testimony submitted in connection with a motion for summary judgment must also be based on personal knowledge. Ivy v. Freeland, 576 So.2d 1117 (La.App. 3rd Cir.1991).
In this case, plaintiff alleges that the defendants, Butler, Reeder, Beevers and Gordon, conspired to defame him and did in fact defame him by the filing of an answer to his suit for divorce against his ex-wife.[2] However, plaintiff presented no specific facts to support his allegations. Considering plaintiff's deposition as rebuttal to the motions for summary judgment and affidavits attached thereto, plaintiff had no personal knowledge of any facts to support his claims. He only testified to what he alleged other people had told him, primarily relying on conversations he had with his wife during their travails. He contends that when he asked his ex-wife if Beevers had reviewed the answer, she told him that "Her attorneys ... have looked at everything." She also told him Reeder was paying her attorneys' fees and that they were going to "take [him] to the cleaners." Plaintiff also stated in his deposition that he knew Gordon had filed the answer because an unnamed clerk at the court house had told that to a friend of his who in turn had told it to him.
In contrast to these unspecific conclusory allegations, defendants' affidavits presented specific facts based on personal knowledge. First, there was a affidavit by a Rachel P. Nelson that she was in a conference with Gordon on August 9, 1989 between 10:00 a.m. and 11:00 a.m., when the answer was filed, and that he did not leave during that time. Second, there is an affidavit by Butler that she "confected, drafted and filed" the answer. She also stated that neither Beevers nor Gordon "aid[ed] in the construction and/or review and/or the filing of the answer." She also stated in her deposition that she did not show the answer to Reeder before filing it. Beevers filed a affidavit stating that he was never asked by Reeder to review the answer nor was he ever asked to file it. Reeder stated in his deposition that he had not read the answer prior to it being filed and that he had never discussed it with Butler.
Therefore, in view of the fact that defendants' supporting affidavits and depositions were based on personal knowledge and specific facts and plaintiff's was based on conclusory hearsay statements, some of a nonspecific nature, we find that the trial court was correct in finding that there were no genuine issues of material fact and that defendants Reeder, Beevers and Gordon were entitled to judgment as a matter of law.[3]
*1124 Finally plaintiff argues that the court erred in denying his motions for new trial without a hearing. This is a matter of discretion for the trial judge. As observed in Succession of Morvant, 578 So.2d 549 (La.App. 3rd Cir.1991), cited by plaintiff:
Generally speaking, it is not erroneous for the trial court to deny a motion for a new trial without a hearing if the motion simply reiterates issues thoroughly considered on the trial on the merits. However, the jurisprudence has likewise recognized that a contradictory hearing may be required if the allegations of the motion for new trial clearly show new facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial. Sonnier v. Liberty Mutual Insurance Company, 258 La. 813, 248 So.2d 299 (La.1971).
Under the circumstances of this case, we cannot say that the trial court was clearly wrong in ruling on the motions for new trial without a hearing. Despite the fact that plaintiff did not file oppositions to the motions for summary judgment and did not appear for the hearing, even if we consider plaintiff's deposition and pleadings in a light most favorable, it does not appear that the summary judgments were erroneously granted. We, therefore, find no error in the denial of the trial judge of the request for new trials by the plaintiff.
Accordingly, for the reasons stated above, the summary judgments in favor of Reeder, Beevers and Gordon are affirmed. Plaintiff is assessed for costs of appeal.
AFFIRMED.
NOTES
[1] Although plaintiff, in brief here, takes issue with the manner of service (by a private process server authorized by the court) of defendant's Reeder's motion and hearing date, the record indicates that this argument was not made below by plaintiff in his next appearance, and is, thus, waived. Strickland v. Board of Supervisors of Louisiana State University and Agr. and Mechanical College, 432 So.2d 964 (La.App. 4th Cir.1983). Service was timely made and plaintiff does not contend that he was unaware of the hearing date. This argument has no merit.
[2] Even if we were to assume that all these events were true, defendants might well still be entitled to summary judgment as a matter of law because there is no evidence set forth that any of these parties encouraged Butler or agreed to defame plaintiff.
[3] In a second supplemental and amended petition, plaintiff alleged that Reeder defamed him in a pleading filed by Reeder's attorney in a domestic action between Reeder and his former spouse, Janet Capaci. Plaintiff represented Ms. Capaci in that legal dispute. Plaintiff does not here, in brief, take issue with the granting of the summary judgment insofar as these allegations are concerned. Accordingly, we consider the issue final. Additionally, however, it should be noted that under Freeman v. Cooper, 414 So.2d 355 (La.1982) a qualified privilege exists for allegedly defamatory statements made by counsel in pleadings where the statements are pertinent to the case or are made with probable cause or without malice. See also: La.R.S. 13:3415.