632 So.2d 401 (1994)
Perrin C. BUTLER
v.
O. William REEDER, Jr., D.M.D.
No. 93-CA-493.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1994.
Robert C. Stern, Butler & Stern, Metairie, for plaintiff/appellant Perrin C. Butler.
Wiley J. Beevers, Curtis Gordon, Gretna, for defendant/appellee O. William Reeder, Jr., D.M.D.
*402 Before BOWES and CANNELLA, JJ., and JOHN C. BOUTALL, J. Pro Tem.
CANNELLA, Judge.
Plaintiff, Perrin C. Butler, filed a Petition For Nullity of Judgments and appeals from the trial court judgment which granted the Peremptory Exception Of No Cause Of Action of defendants, Wiley Beevers and Curtis Gordon. For the reasons which follow, we affirm and defendants' request for sanctions is denied.
The detailed facts of this protracted litigation have been set forth in two prior opinions of this court. As last stated in Butler v. Reeder, 615 So.2d 1120 (La.App. 5th Cir. 1993), this court found that:
Plaintiff brought this action for defamation against the above named three defendants [Wiley J. Beevers, Curtis Gordon and O. William Reeder] and his former spouse, Mary Andrews Butler, and her homeowner's insurer, United States Fidelity and Guaranty (USF & G). Plaintiff alleges that he was defamed in Butler's answer to his earlier divorce petition against her. He contends that the other defendants conspired to assist her in this defamation. More specifically, he contends that his former spouse wrote the answer, containing information which she knew to be false and damaging to plaintiff. The answer was allegedly reviewed by Beevers, who is an attorney. Beevers was allegedly requested to review the document by Reeder, who allegedly paid Beevers for his services to Butler. Gordon is alleged to have filed the defamatory answer into the record at the courthouse at Beevers' request. Because of the foregoing, plaintiff alleges that all defendants are jointly liable for conspiring to defame him.
* * * * * *
The events leading up to this defamation action are noteworthy. Plaintiff discovered that Butler was having an affair with Reeder. Thereafter plaintiff obtained a divorce from her on the grounds of adultery, which she admitted. From then to the present, plaintiff has been involved in five separate cases against Reeder, including representation of Reeder's former spouse in their domestic litigation. Plaintiff has personally filed suits against Reeder for medical malpractice and for intentional interference with the contract of marriage, (the latter was dismissed on an exception of no cause of action and affirmed by this court). Butler v. Reeder, 573 So.2d 1159 (La.App. 5th Cir.1991).
Beevers, Reeder and Gordon filed motions for summary judgment which were set for October 10, 1991. USF & G also filed a motion for summary judgment which was set for October 17, 1991. Plaintiff did not file an opposition to the October 10th motions. He does not deny that he knew about the motions and their hearing date. However, he contends that an employee from his office telephoned the USF & G attorney on October 8, 1991 and was informed by him that the motions were all going to be heard on October 17, 1991. Because of his reliance on this telephone message, plaintiff did not appear in court on October 10, 1991. The motions were called, taken up and granted on that date. A judgment for Beevers and Gordon was signed on October 10, 1991. A judgment for Reeder was signed on October 15, 1991. After being advised of the action taken on the motions for summary judgment, plaintiff filed motions to reconsider and motions for new trial. All were denied.
The judgment denying plaintiff's motion for a new trial was also affirmed. Butler v. Reeder, supra.
Plaintiff, simultaneously with his appeal of the granting of the summary judgments, pursued this action in district court to nullify the summary judgments. In his petition, plaintiff alleges that the summary judgments were rendered in his absence, without him having an opportunity to present his arguments. Plaintiff does not allege in his petition that defendants, Beevers and Gordon, misled him or caused his absence in any way. Plaintiff does not allege that anyone did anything intentionally to mislead him. Rather, he admits that his non-appearance was because he relied on incorrect information which he received from a person, not a defendant herein nor counsel for a defendant herein *403 nor a court employee, that the motions would be heard on another date. Defendants, Beevers and Gordon, filed an exception of no cause of action to the suit to nullify and, after hearing and argument, the trial court granted the exception. Plaintiff again appeals.
It is well settled that the purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the petition and the well-pled facts in the petition must be accepted as true. The exception must be overruled, unless plaintiff has no cause of action under any evidence admissible under the pleadings. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984).
Plaintiff argues that his petition states a cause of action under La.C.C.P. art. 2004, concerning annulment of judgments for fraud and ill practices, and its interpretive jurisprudence, resting his argument on his reading of a Supreme Court case that addressed this article in a suit to annul a judgment, Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983). Plaintiff argues that under Kem Search, he is not required to show fraud or ill practices by defendants, but only (1) a deprivation of a legal right by the party seeking to annul the judgment, and (2) that enforcement of the judgment would be inequitable or unconscionable. He contends that, since both of these criteria have been met in this case, the summary judgments should be annulled. We disagree.
In Kem Search, Plaintiff alleged that he was deprived of his legal right to present a defense when a default judgment was taken against him, without notice, after communications between himself and defense counsel, prior to and during settlement negotiations, leading him to believe that defense counsel would give him notice and opportunity to file an answer and present his defenses if settlement negotiations broke down. The Court held:
Conduct which prevents an opposing party from having an opportunity to appear or to assert a defense constitutes a deprivation of his legal rights. Thus, when a party fails to defend a suit because of the failure of the opposing party to warn him that a default would be taken, this judgment may be annulled when the parties had an agreement to give notice of any action taken on the suit, or the defaulted party relied on facts which he reasonably believed created such an agreement, and the enforcement of the judgment would be unconscionable and inequitable. (citations omitted.)
Kem Search is clearly distinguishable from the case at bar and is not controlling. The conduct in Kem Search was perpetrated by counsel for the opposing and initially successful party.
Plaintiff here makes no allegations that defendants, the parties in whose favor the judgments were rendered, or anyone for that matter, did anything improper to deprive him of his legal rights. Plaintiff had no contact with defendants or their counsel. The hearing on the motions for summary judgment were set for October 10, 1991 and plaintiff was duly served and notified. Thereafter, on October 8, 1991, an employee of plaintiff's law firm allegedly contacted an attorney for an entirely different defendant, USF & G, who also had a motion for summary judgment set in the same case for a different date, October 17, 1991. He was told that all the motions would be heard together on the 17th or later. There are no allegations that the inaccurate information was intentionally provided. Plaintiff did not contact defendants, their counsel or the court to verify this information. Rather, plaintiff chose to rely on this third-hand, unverified information from a person who was not counsel for or a party to the hearing, in deciding not to attend the hearing for which he had been served. Plaintiff filed no timely opposition to the summary judgment hearings, neither the one on October 10, 1991 nor on October 17, 1991.
The action provided by La.C.C.P. art. 2004, requires some form of impropriety. As stated in Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980) the Supreme Court held:
Louisiana Code of Civil Procedure, art. 2004, provides that "A final judgment obtained by fraud or ill practices may be annulled." The action provided by this *404 article is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but, rather, is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary. Walsh v. Walsh, 215 La. 1099, 42 So.2d 860 (La.1949); Schoen v. Burns, 321 So.2d 908 (La.App. 1st Cir.1975); Alleman v. Guillot, 225 So.2d 607 (La.App. 1st Cir. 1969), writ ref. 254 La. 858, 227 So.2d 596. In discussing "ill practices" under Code of Practice, art. 607, the predecessor of La. C.C.P. art. 2004, this Court stated in Alonso v. Bowers, 222 La. 1093, 64 So.2d 443 (La.1953):
Under the jurisprudence any improper practice or procedure which enables a party to obtain a definitive judgment comes within the meaning of this article. The courts have looked at each case from a purely equitable view point to ascertain whether allowing the judgment to stand would be inequitable or unconscionable in view of the practice or procedure which enabled the party to obtain such judgment. (Emphasis provided.)
Allegations of impropriety are essential to a cause of action under La.C.C.P. art. 2004. Wilson v. Central, 583 So.2d 1164 (La.App. 4th Cir.1991), writs denied, 590 So.2d 79 (La.1991). That requirement was not lessened by the Kem Search decision, upon which plaintiff relies.
Here plaintiff makes no allegations that improper conduct took place which deprived him of his legal rights. Rather, plaintiff's asserted cause of action to nullify the summary judgments rests on alleged misinformation he was given by a third party upon which he chose to rely, without verification. Furthermore, even before plaintiff received this information regarding the alleged postponement of the hearing, the time for opposition to the motions had passed and no opposition had been filed. Therefore, we find no allegations in the petition that would support a finding that plaintiff was deprived of legal rights through improper conduct that would cause the enforcement of the judgments to be unconscionable or inequitable. Plaintiff's petition fails to state a cause of action, under La.C.C.P. art. 2004, to nullify the summary judgments because of fraud or ill practices.[1]
Accordingly, for the reasons stated above, we find that the judgment of the district court, granting defendants Peremptory Exception Of No Cause Of Action, is affirmed. Defendants' request for sanctions is denied.
AFFIRMED.
BOWES, J., concurring.
BOWES, Judge, concurring.
Although I find that a strictly legal assessment of the majority opinion convinces me that I must agree with the result, nevertheless, I do not agree with all of the language and thoughts expressed in the opinionand I find that I must add the following views.
I realize that this is a very vexing case and that Mr. Butler has obviously angered and tried the patience to the breaking point of apparently all concerned with this matter. However, I do not feel that Mr. Butler was treated with even the minimal professional courtesy that the legal profession demands which, in my opinion, resulted in his not receiving a "fair shake."
There is no doubt that Mr. Butler was completely at fault for relying on information given him by a person not even a party, nor counsel for a party, to this particular suit and he certainly should have inquired from some official source, or someone else in this particular case, as to the time and date that his matter would be heard or whether his information concerning a postponement was correct. However, as bitter and hard fought as this matter has been, every single person connected with the hearing knew that Mr. Butler would not have purposely missed the oral argument on this motion for any reason.
*405 Therefore, I feel that when he did not appear on the time and date set for the hearing that someone connected with the court or Clerk's office or some other attorney should at least have called his office to inform him that the hearing was about to take place. This would at least have given him the opportunity to come to court immediately and "have his day in court" which is what the law and fair play strive to give to any litigantregardless of personal feelings concerning the conduct of such litigant.
With the above views added, I respectfully concur with the result reached in the majority opinion.
NOTES
[1] Plaintiff argued in brief that should this court affirm the lower court decision granting the exception of no cause of action, then the court should find that the trial court erred in not allowing plaintiff leave to amend his petition. We find no merit in this argument. The facts are not in dispute and the objections to the petition cannot be removed by amendment. The facts of this case simply do not state a cause of action under La.C.C.P. art. 2004.