695 So.2d 1068 (1997)
Laura Louise Scott STERNBERG
v.
Jack Lehman STERNBERG.
No. 97-CA-101.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 1997.
*1069 Leon Rudloff, Metairie, for Appellant.
Jack H. Tobias, Metairie, for Appellee.
Before GAUDIN, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal by Leon Rudloff, attorney for defendant herein, Jack Sternberg, from a judgment of the trial court imposing sanctions of $2,500.00. For reasons that follow, we affirm.
This matter arises from an acrimonious divorce action in which the parties are currently engaged in a custody dispute. The record on appeal is designated, and contains *1070 limited pleadings and no transcripts in the case. Contained in the record is a petition for separation filed by Laura Sternberg in January, 1990, which resulted in an order granting custody of the couple's two minor children to Ms. Sternberg.
Also contained in the record is a "Motion to Compel Discovery" filed by Mr. Rudloff on Mr. Sternberg's behalf on October 25, 1995 in which he asserts that he filed a rule to modify custody which was set for hearing on November 16, 1995. Mr. Rudloff further alleges that, "George Donnard Williams, the children's stepfather was sent a Notice of Deposition for October 18, 1995. Mr. Williams did not appear for that scheduled deposition." The motion continues to assert that Mr. Williams previously disregarded a notice of deposition by refusing to appear at a deposition scheduled for December 2, 1994. The motion is supported by a proces verbal taken on December 2, 1994 in which Mr. Rudloff states that the deposition was noticed, but that Mr. Williams did not appear, and a vague affidavit from Jack Sternberg in which he states that he appeared for a deposition and Mr. Williams, although properly noticed, did not. Because there are no dates of notice or of the deposition contained in that affidavit, it is impossible to ascertain with any certainty whether this affidavit is a verification of the information contained in the proces verbal of December 2, 1994, or the deposition Mr. Rudloff claims was noticed for October, 18, 1995. There is no return of service made on Mr. Williams in the record for either the deposition on December 2, 1994, or the deposition on October 18, 1995.
The motion to compel discovery contains an order, signed by the trial court judge, which compels Mr. Williams to appear for a deposition on October 31, 1995. There is a return of service of that order made on, "B. Wolff" as attorney of record for Mr. Williams on October 5, 1995.
Mr. Rudloff filed a second motion to compel on October 31, 1995 alleging that, "Mr. Williams avoided service of process when attempted by the St. Tammany Sheriff by refusing to allow the occupants of his home to answer the door". Attached to the motion are two unserved returns from the St. Tammany Parish Sheriff's Office. Contained in the motion is an order, prepared by Mr. Rudloff and signed by a judge in a separate section of the 24th Judicial District, which compels Mr. Williams to appear for a deposition on November 2, 1995. The order also states, "IT IS ORDERED by the Court that an arrest warrant be issued by the Court for the arrest of George Donnard Williams so that a deposition with regard to the pending custody matter may be had." Pursuant to that order, Mr. Williams was arrested by St. Tammany Parish Sheriff's Deputies on October 31, 1995, while escorting his step-children through their neighborhood on a "trick or treat" outing.
On November 13, 1995, Mr. Williams, represented by Jack Tobias, made a limited appearance solely for the purpose of filing a motion to quash the various subpoenas, notices of depositions, and orders to compel his deposition contained in the record. Mr. Williams also requested sanctions against both Jack Sternberg and his attorney, Leon Rudloff. After a hearing on the matter, the trial court rendered judgment denying sanctions against Mr. Sternberg, but granting sanctions against Leon Rudloff in the amount of $2,500.00. It is from that judgment that Mr. Rudloff appeals.[1]
Sanctions on an attorney are provided for by LSA-C.C.P. art 863 which reads as follows:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of *1071 his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier. (emphasis added)
Thus, under article 863 there is an affirmative duty imposed on attorneys and litigants to make an objectively reasonable inquiry into the facts and the law. Subjective good faith will not satisfy the duty of reasonable inquiry. Diesel Driving Academy, Inc. v. Ferrier, 563 So.2d 898 (La.App. 2 Cir.1990). The district court must determine whether the individual, who has certified the document purported to be violative, has complied with that duty. Thomas v. Capital Security Services, Inc., 836 F.2d 866, 875 (5th Cir.1988). In determining whether an attorney has breached that affirmative duty, the trial court should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted. Gaiardo v. Ethyl Corporation, 835 F.2d 479 (3rd Cir.1987). If a court finds that the conduct of a signing attorney is improper or unreasonable under article 863, the court is required to fashion an appropriate sanction. Romero v. Chris Crusta Flying Service, Inc., 587 So.2d 803 (La.App. 3 Cir.1991).
Article 863 is intended for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. The district court may not impose sanctions on lawyers simply because a particular argument or ground for relief contained in a non-frivolous motion is found to be unjustified. Petition of Miranne, 626 So.2d 744 (La.App. 5 Cir.1993).
The standard of review in the factual finding that sanctions are justified is the manifestly erroneous or clearly wrong standard. The determination of the type and amount of the sanctions is reviewed under the abuse of discretion standard. Matter of Succession of Thomas, 602 So.2d 1108 (La. App. 1 Cir.1992); Joyner v. Wear, 27,631 (La.App. 2 Cir. 12/6/95), 665 So.2d 634, writ denied, 96-0040 (La.2/28/96), 668 So.2d 370.
In the instant case, Mr. Rudloff asserts that Mr. Williams' testimony was necessary for the proper consideration of the custody dispute. He admits Mr. Williams was never served personally with notice to appear at the deposition. His motion, which supported the order for Mr. Williams' arrest, justifies the request for the arrest warrant by complaining that Mr. Williams avoided personal service.
LSA-C.C.P. art. 1437 provides in pertinent part that, "(t)he attendance of witnesses (for deposition) may be compelled by the use of subpoena as for witnesses in trials."
LSA-C.C.P. art 1355 provides that:
A subpoena shall be served and a return thereon made in the same manner and with the same effect as a service of and return on a citation. When a party is summoned as a witness, service of the *1072 subpoena may be made by personal service on the witness' attorney of record.
There is nothing to indicate that Mr. Williams was ever made a party to this action by either of the Sternbergs, or that he made an appearance in this action before the arrest warrant was issued. Mr. Rudloff verifies that fact in his brief to this Court.
Mr. Rudloff argues, without jurisprudential support, that service on Bennett Wolff, as Mr. Williams' attorney, should suffice. Mr. Rudloff argues that Mr. Wolff represented Mrs. Sternberg in this action, although that fact is not evident from this designated record; and that Mr. Wolff represented Mr. Williams in a separate defamation action. Neither representation, even if proven, would override a requirement of personal service on a non-party witness.
LSA-C.C.P. art 1356 provides:
A. Proof of service of a notice to take a deposition or of a notice of inspection under Article 1463 constitutes sufficient authorization for issuance by the clerk or judge of the district court wherein the action is pending of subpoenas and subpoenas duces tecum.
B. Subpoenas and subpoenas duces tecum compelling the appearance of a witness who is not a party shall be served within a reasonable period of time before the time specified for the deposition.
C. All provisions applicable to subpoenas and subpoenas duces tecum shall apply to subpoenas and subpoenas duces tecum issued under the provisions of this Article, except as otherwise provided by law.
LSA-C.C.P. art. 1357 authorizes a court to adjudge a recalcitrant witness, who fails to obey a subpoena, in contempt or to order the witness to be attached and brought to the court forthwith or on a designated day. A witness, who fails to attend a deposition for which his attendance was compelled by subpoena, is subject to the contempt power of the court. Obviously, this power is dependant on the issuance of a subpoena commanding the appearance. We know of no provision in the law which would subject a non-party witness to the contempt power of a court for failing to attend a deposition for which his attendance was not mandated by subpoena.
Mr. Rudloff argues that no requirement exists for issuance of a subpoena to compel a non-party witness to attend a deposition. Even assuming arguendo that is correct, there would be no justification for issuance of the arrest warrant since the failure of a subpoena, properly issued and served, precludes the authority of the court to punish the witness for failure to obey a subpoena.
Further, it is evident from Mr. Rudloff's assertions that he sought to depose a St. Tammany Parish resident in Jefferson Parish. LSA-C.C.P. art 1436 provides in pertinent part that a witness, "who is a resident of this state may be required to attend an examination to take his deposition only in the parish in which he resides or is employed or transacts his business in person, or at such other convenient place as may be fixed by order of court". There is nothing in the record to indicate that Mr. Williams, a resident of St. Tammany Parish, has any such connections to Jefferson Parish.
We also note that, although Mr. Rudloff did attempt personal service on Mr. Williams, there is no indication that a request for the appointment of a special process server pursuant to LSA-C.C.P. art. 1293 was requested upon receipt of the sheriff's returns certifying the inability to make service.
Mr. Rudloff's signature on the motion to compel and the order for arrest constitutes a certification that it is well grounded in existing law. LSA-C.C.P. art 863. Our review reveals the contrary is true; there is no statutory justification for the arrest of Mr. Williams. Mr. Rudloff's actions breached the affirmative duty to make a reasonable inquiry into the law. We believe the total disregard for the Code of Civil Procedure by Mr. Rudloff justifies the sanctions imposed by the trial court. Consequently, we find no error in the trial court's ruling that sanctions are appropriate in this matter and further, we find no abuse of the trial court's vast discretion in the amount of the award.
This Court has received a brief filed in this matter by counsel for George Don Williams.
*1073 Although Mr. Williams often refers to himself as the appellant in his brief to this court, he does not assert, nor does the record indicate, that he filed a motion for appeal, or an answer to Mr. Rudloff's appeal in this matter. Contained within the brief there is a page entitled, "Objection and Motion", in which Mr. Williams requests that this Court order Mr. Rudloff, who at this stage of the brief is referred to as the appellant, "to produce the entire record including the transcripts of both hearings or that his appeal be dismissed as incomplete and to cease and desist from filing ex parte filings with the Court without notice to his opponents".
The first request appears to be an objection to the designated record filed in this appeal by Mr. Rudloff. Such records are not uncommon and are permitted by LSA-C.C.P. art 2128, and Rule 2-1.17, Uniform Rules-Courts of Appeal. His second request, for an order restricting ex parte filings by defendant, is beyond the scope of our jurisdiction as a court of review. Further, these motions were not filed in accordance with rules 2-7 and 2-8, Uniform Rules-Courts of Appeal. For the foregoing reasons, we are not inclined to grant either request.
Mr. Williams also asks this Court to award attorney fees. Because no appeal, or answer to the appeal filed by Mr. Rudloff, was filed by Mr. Williams, we cannot consider that request. LSA-C.C.P. art. 2133.
For the foregoing reasons, the ruling of the trial court is affirmed.
AFFIRMED.
NOTES
[1] There is no indication in this designated record of the disposition of the motion to quash and that issue was not presented to this court for review.