| DUFRESNE, Chief Judge.
This is an appeal by Dellaree Jean Jackson Horn from a judgment dismissing with prejudice one of several named defendants from her petition to reopen the succession of her late husband, Frank W. Horn. Because a prior unappealed final judgment was entered in this matter dismissing the same defendant without prejudice the trial judge could not amend that judgment in any substantive way except via the procedural device of a timely motion for a new trial. Because no such timely motion was filed, we vacate the present judgment and reinstate the previous one.
The pertinent facts are briefly stated. Petitioner was the third wife of the decedent, who had children from his first marriage only. Upon his death he owned a home which he had purchased prior to his marriage to petitioner. A succession proceeding resulted in a judgment of possession placing ownership of the house in the decedent’s children. They then sold the property using the services of a real estate agent, namely Ann Demontluzin Farmer, defendant-appellee here.
| ¡After the sale was completed petitioner filed a petition to reopen the succession alleging that her deceased husband’s children owed her some $10,000 in reimbursement of community funds used during her marriage to their father to pay the mortgage on the property. She named Farmer as an additional defendant in this petition alleging that she had somehow colluded with the children to deprive her of these funds.
Farmer urged the dilatory exceptions of vagueness and improper cumulation of actions. By judgment of April 25, 2000, the trial judge sustained these exceptions and dismissed the suit as to Farmer ivithout prejudice. That judgment also instructed petitioner to file two new and separate actions against Farmer and the children respectively. No motion for a new trial was filed and no appeal was taken from this judgment.
Four weeks later, on May 16, Farmer filed a motion to have the suit against her dismissed with prejudice. She alleged that petitioner had not filed a separate suit against her as instructed in the prior judgment, but instead had only filed an amended petition in the succession proceeding on May 5. However, there is no amended petition bearing the May 5, date, or any subsequent date, in the record. In any case, a hearing on the motion was held and a judgment of dismissal with prejudice was entered on August 23, 2000. Petitioner has now appealed this latter judgment.
Pursuant to La.Code Civ.Pro., Art. 1915(A)(1), a judgment which dismisses a suit as to less than all the parties is a final, *1284 appealable judgment. Article 1951 of that same code provides that a final judgment may be amended by the trial court to alter the phraseology of a judgment or to correct errors in calculation, but not to change the judgement substantively. The only way that a final judgement may be altered |ssubstantively in the district court is if a motion for a new trial is filed within seven days of mailing or service of the judgment. Otherwise, an appeal must be taken.
In the present case, because no motion for a new trial was timely filed and no appeal was taken, the April 20, 2000, judgment is final, and the trial court was without authority to change it substantively by converting it from one without prejudice to one with prejudice. In this circumstance, the usual remedy is for the appellate court to vacate the latter judgment and reinstate the former, Rhodes v. Rhodes, 97-912 (La.App. 5th Cir.3/11/98), 708 So.2d 1240. We therefore vacate the judgment of August 23, 2000, and reinstate the judgment of April 20, 2000, providing that this suit against the defendant Ann Demontluzin Farmer is dismissed without prejudice.

JUDGMENT VACATED, FORMER JUDGMENT OF APRIL 20, 2000 REINSTATED.