827 So.2d 1241 (2002)
In the Matter of the SUCCESSION OF Frank W. HORN.
No. 02-CA-430.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2002.
Rehearing Denied October 28, 2002.
*1242 Otha Curtis Nelson, Sr., Baton Rouge, for Dellaree Jean Jackson Horn.
Charles L. Stern, Jr., Alan M. Cohen, New Orleans, for Michelle Douglas Bonilla, wife of/and Aldo Ernesto Bonilla.
Stephen G. Sklamba, Metairie, for Mark Jarrett and Jeanne Groetsch Jarrett.
Perry R. Staub, Jr., James R. Morton, Michael W. Hill, New Orleans, for Ann deMontluzin Farmer.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
This is an appeal from several judgments in a succession proceeding that dismissed Dellaree Horn's claims against various parties. Horn appealed; one of her opponents filed an answer to the appeal. We dismiss the appeal as to the appellee who answered the appeal and affirm the judgments in favor of the other appellees. We also assess damages for frivolous appeal against the appellant with respect to the dismissed appeal.
Before us are judgments rendered on December 7, 2001, February 13, 2002 and March 8, 2002.[1] This case has a lengthy and convoluted procedural history. Accordingly, after setting out the basic facts, we shall address the issues on appeal by reviewing each judgment separately.

*1243 FACTS
Frank W. Horn died intestate on September 14, 1997. Dellaree Jean Jackson Horn, his third wife, was his surviving spouse. On May 22, 1998, the district court rendered a judgment of possession that recognized Dellaree Horn as the decedent's surviving spouse in community and found her entitled to ownership and possession of an undivided one-half of all community property left by decedent, together with usufruct of the other one-half. The only community property listed was one item of movable property, a 1992 Ford pickup truck.
The judgment of possession also recognized the decedent's four adult children (Frank C. Horn, Phillip M. Horn, Laverne Horn, and Joan Horn) as his sole heirs, entitled to the ownership of an undivided one-eighth each of decedent's share of the community property, subject to the usufruct of their stepmother, Dellaree Horn. The judgment further recognized the decedent's children as heirs to his separate property, listed as immovable property bearing Municipal Number 3836 West Louisiana State Drive in University City Subdivision in Kenner.
In August 1998 the Horn heirs sold the Kenner property to Mark Jarrett and Jeanne Groetsch Jarrett. Their real estate broker was Ann deMontluzin Farmer. In July 1999 the Jarretts sold the property to Michelle Douglas Bonilla and Aldo Ernesto Bonilla.
On September 13, 1999 Dellaree Horn filed a Petition to Annul Judgment of Possession, to Cancel Cash Sale, and for Possession, on the ground that she was entitled to be recognized as a creditor of the Estate of Frank W. Horn and entitled to reimbursement of all community funds used to improve and pay for the separate property of Frank W. Horn. Named defendants were the decedent, his four children, Ann deMontluzin Farmer, and Mark Jarrett. Subsequently Horn amended her petition to add Jeanne Groetsch Jarrett and the Bonillas as defendants.
Farmer filed exceptions of improper cumulation of actions and vagueness. On April 20, 2000, the trial court granted her exception of improper cumulation and dismissed the suit without prejudice. The judgment ordered that Dellaree Horn file two separate and independent actions, under new case captions: one against the heirs of Frank W. Horn and the third-party transferees of the property, and another against Farmer.
Subsequently Farmer filed a Motion to Dismiss with Prejudice, on the ground that Dellaree Horn had failed to comply with the requirements of the April 20, 2000 judgment. The Bonilla defendants also filed a motion to dismiss; the Jarrett defendants filed peremptory exceptions of no cause of action and no right of action.
On August 23, 2000, the trial court granted Farmer's motion and dismissed Dellaree Horn's claims against Farmer with prejudice. Horn appealed. On appeal this Court vacated the judgment of August 23, 2000, on the ground that the trial court erred in amending the judgment that dismissed the proceedings without prejudice, because it had become a final judgment. We reinstated the judgment of April 20, 2000, and remanded the matter for further proceedings. In re Succession of Horn, 00-1784 (La.App.2/28/01), 778 So.2d 1282.
In a judgment rendered on October 2, 2001, the district court denied Horn's request to confirm a preliminary default judgment she had entered against the defendants. In reasons for judgment included within the judgment itself, the court noted that none of the defendants had answered Horn's petition to annul the judgment of possession and that Horn had entered a preliminary default against the *1244 defendant heirs of Frank W. Horn and sought to confirm the default. The court found that although the petition alleged fraud and ill practices by Joann Horn, it failed to plead such with particularity, as required by La.C.C.P. art. 856.
The court held that Horn's claim for reimbursement for improvements and payments for Frank Horn's separate property was misplaced because Dellaree Horn and Frank W. Horn each owned an undivided one-half of the immovable property as separate property. The court found that, since each owned an undivided one-half of the property, both benefitted equally from the payments and improvements made on the property with their community funds. The court therefore denied the claim for reimbursement of community funds.
Finally, the court held that Horn was not entitled to a marital portion of the decedent's estate because she failed to include it in the prayer.
Following rendition of the judgment of October 2, 2001, the Jarrett defendants filed a motion for partial new trial, insofar as that judgment classified the immoveable property as separate property of Dellaree Horn and Frank W. Horn. The Jarretts contended such classification contradicted the chain of title on file in the Jefferson Parish conveyance records.
The court minutes indicate that on November 9, 2001 the court orally granted the Jarrett defendants' motion for partial new trial and also granted their exception. On the same date (November 9, 2001) Horn filed a Second Amended Petition to Annul Judgment, to Cancel Cash Sale, and for Possession. In it she added a paragraph to her original petition, asserting her right to a marital portion as surviving spouse.

JUDGMENTS OF DECEMBER 7, 2001 AND MARCH 8, 2002[2]
On December 7, 2001 the trial court rendered a judgment incorporating reasons, in which it granted the Jarretts' Motion for Partial New Trial and amended the judgment of October 2, 2001, setting aside the portion that indicated that Dellaree Horn owned an undivided one-half interest in the subject property. The court held, instead, that Frank W. Horn acquired the subject property prior to his marriage to Dellaree and that Dellaree was at no time listed as owner of the property.
The judgment also granted the Jarretts' peremptory exception of no right of action, on the ground that Dellaree Horn married Frank Horn subsequent to his acquisition of the subject property; thus, the property was the separate property of Frank, Dellaree lacked an ownership interest in the property, and she could not maintain a suit to annul the cash sale of the property to the Jarretts. The judgment also struck the second amended petition from the record because it was filed after rendition and signing of the October 2, 2001 judgment.
Horn filed a Motion for New Trial and, in the Alternative, Motion to Reopen Case. She asserted that the trial court had committed manifest and reversible error in granting the Jarretts' peremptory exception of no cause and no right of action and in ordering that her second amended petition be stricken, in failing to award her the value of one-half of the improvement made to the property of her deceased husband, and in granting the Jarretts a partial new trial as to ownership of the immovable property.
On March 8, 2002 the trial court rendered a judgment that denied Horn's application for new trial and alternative *1245 motion to reopen case. The court incorporated its reasons in the judgment, reiterating the decision of December 7, 2001 that Dellaree Horn had no ownership interest in the subject property because of lack of evidence in the public records to support her claim.
The court stated that the presence of Dellaree Horn's name on a mortgage filed in the parish mortgage records does not constitute proof of ownership and had previously been introduced into evidence prior to rendition of the December 7, 2001 judgment. Accordingly, the court held that the mover failed to present new evidence that would persuade the court to find she had an ownership interest in the property.
The court stated it denied Dellaree Horn's motion to reopen her case to present a claim for a marital portion because Horn had failed to do anything to protect her interest, such as filing a notice of lis pendens in the public records. Her failure to do so meant there was nothing to place the Jarretts or the Bonillas on notice of Horn's claims. Thus, the court held, the Jarretts and the Bonillas had purchased the property free and clear of any encumbrances, including Horn's claim for a marital portion of the property and Horn's claim for a marital portion would not affect either the Jarretts or the Bonillas.
Finally, the court found no merit to Horn's claim that the court had committed manifest and reversible error in the December 7, 2001 judgment, because mover failed to furnish the court with specific facts or evidence to support those allegations.
On appeal Dellaree Horn contends the trial judge committed "manifest and reversible error" when she rendered judgment that denied the appellant's original and amended petitions to annul judgment, to cancel cash sale, and for possession. She frames the issue in the following language:
Whether a widow has the legal right to file a petition to annul a judgment of possession, [etc.] and be placed in legal possession of the value of the half of all community funds that were used by her deceased husband from the date of their marriage ... to ... the date of her husband's death where the attorney in the original detailed descriptive list failed to show the widow as a creditor in the husband's succession and the same attorney of record was representing the four heirs of deceased husband?
The issues stated by the appellant, however, do not apply to the appellees before us on this appeal. Appellant's complaints are directed to the actions of her stepchildren and the attorney who handled the succession proceedings. None of those persons are now involved in this litigation.
Rather, the defendants are the Jarretts and the Bonillas, good-faith purchasers of the immovable property who relied on a public record that showed no encumbrance on, lien against, or interest in the property accruing to Dellaree Jean Jackson Horn.
Appellant even argues that "equitable estoppel" applies to these third-party good-faith purchasers of the property and he describes the elements of equitable estoppel as "a representation by word or conduct," "justifiable reliance," and "a change in position to one's detriment because of reliance."
Although the term "equitable estoppel" is not favored in Louisiana, our civil code incorporates a similar principle, "detrimental reliance," expressed as follows: "A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La.C.C. art.1967.
*1246 Applying either definition, "equitable estoppel" or "detrimental reliance" here flows in favor of the Jarretts and the Bonillas rather than in favor of Dellaree Horn. The Jarretts and the Bonillas justifiably relied on the representation in the public records that there were no claims against the title of the property they purchased and, in reliance on the public record, they purchased the property. However, the true basis for the appellees' right to be protected is the public records doctrine.
La.R.S. 9:2721 provides that no instrument of writing relating to or affecting immovable property shall be binding on or affect third parties until filed for registry in the office of the parish recorder. "Neither secret claims nor equities nor other matters outside the public records shall be binding on or affect such third parties." Id.

McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909), established long ago the necessity of relying on the public records rather than on unrecorded instruments or word of mouth when dealing with title to immovable property. The Legislature has even defined the "third parties" protected by the doctrine in LSA R.S. 9:2722. Those parties include "purchasers, mortgagees, grantees, vendees, or lessees".
G.I. Joe, Inc. v. Chevron U.S.A., Inc., 561 So.2d 62, 65 (La.1990).
The public records doctrine does not create rights in a positive sense, but rather has the negative effect of denying the effectiveness of certain rights unless they are recorded. Camel v. Waller, 526 So.2d 1086, 1089-1090 (La.1988). Third persons are not allowed to rely on what is contained in the public records but can instead rely on the absence from the public record of those interests that are required to be recorded. Id. at 1090.
The trial court's ruling was correct and the judgments of December 7, 2001 and March 8, 2002 are affirmed.

JUDGMENT OF FEBRUARY 13, 2002
On December 5, 2001, Ann Farmer filed an exception of res judicata and a motion for sanctions regarding Dellaree Horn's Second Amended Petition to Annul Judgment, to Cancel Cash Sale, and for Possession. Farmer asserted that Dellaree Horn's claims against her were precluded by a judgment rendered on June 19, 2001 in Horn v. Farmer, No. 2001-4043, Civil District Court for the Parish of Orleans, in which Horn's claims against were dismissed as prescribed, with prejudice.[3]
Farmer asserted that Horn's inclusion of claims against her in the Second Supplemental and Amending Petition was vexatious and harassing replication of lawsuits and pleadings against her. Farmer moved to dismiss with prejudice all claims made against her in this action and sought sanctions against Horn and her counsel for the repetitious filing.
After a hearing on February 8, 2002, the trial court rendered judgment on February 13, 2002, granting Farmer's exception of res judicata and dismissing Dellaree Horn's claims against Farmer with prejudice. In addition, the judgment granted Farmer's motion for sanctions against Dellaree Horn and ordered Horn's counsel to pay Farmer $250.00.
On appeal, Horn's brief does not address the issue of res judicata, but simply includes her claims against Farmer in the blanket assignment of error and statement of issues described above. As we note above, the claims made on appeal should *1247 be directed to Horn's stepchildren and the attorney for the succession, rather than the appellees now before us.
As noted above, Farmer has filed an answer to Horn's appeal. Farmer seeks dismissal of Horn's appeal of the February 13, 2002 judgment and award of damages against Horn for frivolous appeal, as well as an increase in the sanctions awarded by the district court.
An appellant's brief shall set forth a specification or assignment of alleged errors relied upon and the issues presented for review. Uniform Rules, Courts of Appeal, Rule 2-12.4. All specifications or assignments of error must be briefed. Id. The court may consider as abandoned any specification or assignment of error which has not been briefed. Id. By analogy, therefore, the failure to assign any error on taking an appeal must be construed as a waiver of the appellant's right to challenge the judgment on appeal.
Similarly, appellant's brief does not address the sanction imposed by the trial court against appellant's counsel. Accordingly, appellate review of that ruling must be considered waived. "[W]here a motion for sanctions is brought against an attorney, he or she is a party in interest. Should the motion be successful, judgment will be rendered against the attorney personally. Any appeal must be taken in the attorney's name." Williams v. Hattan, 594 So.2d 977, 979 (La.App. 3 Cir.1992), writ denied, 600 So.2d 606 (La.1992).
With respect to the sanction imposed by the trial court, we need not address the imposition of the sanctions award because appellant's counsel has not properly challenged it. We shall address the amount of the award, however, because Farmer has properly raised it as an issue. We find merit to Farmer's requests for an increase in the sanction amount and her request for frivolous appeal damages.
Once sanctions are imposed, the appellate court reviews the amount of sanctions using the "abuse of discretion" standard. Butler v. Reeder, 98-484 (La. App. 5 Cir. 12/29/98), 728 So.2d 888, 894, writs denied, 99-1026 (La.5/28/99), 743 So.2d 673 and 99-1035 (La.5/28/99), 743 So.2d 674. The trial court has considerable discretion regarding the type and severity of sanctions to be imposed. Id.
Here, however, we find the trial court set the sanction too low. The record shows that appellant's pleadings are duplicative, reiterating the same claims and repeating the same arguments regardless of their having been found without merit by two courts. As Farmer points out, "This matter has extended for nearly three (3) years in two different courts with neither suit having proceeded beyond the initial motions filed by Ann Farmer."
Four factors have evolved which must be considered in arriving at an appropriate sanction award. They are:
1. What conduct is being punished or is sought to be deterred by the sanction?
2. What expenses or costs were caused by the violation of the rule?
3. Were the costs or expenses "reasonable" as opposed to self-imposed, mitigatable, or the result of delay in seeking court intervention?
4. Was the sanction the least severe sanction adequate to achieve the purpose of the rule under which is was imposed?
Butler, 728 at 895.
Applying these factors to the case before us, we find that the conduct sought to be deterred by the trial court in this case is the repetitious filing and pursuit of meritless, duplicative claims. There is no testimony to establish the amount of costs and fees incurred by Farmer caused by the filing of Horn's meritless litigation. *1248 Accordingly, we remand to the trial court for a hearing to determine the amount of attorney's fees Farmer has incurred in defending against Horn's last amending petition and we order the trial court to award sanctions in the appropriate amount against Horn's counsel.
Further, in light of the history of this case and the fact that appellant has made no meritorious arguments in her brief, we are forced to conclude that Horn's pursuit of Farmer into this Court is a frivolous appeal. We deem $1,000.00 to be an appropriate award of damages for the frivolous appeal and Horn's attorney, Otha Curtis Nelson, Sr., is cast for that amount.

DECREE
For the foregoing reasons, the appeal is dismissed with respect to Ann deMontluzin Farmer and Farmer is awarded sanctions Otha Curtis Nelson, Sr. appellant for frivolous appeal in the amount of ONE THOUSAND AND NO HUNDREDTHS ($1,000.00) DOLLARS. The matter is remanded to the trial court for an evidentiary hearing to determine an appropriate amount of sanctions for the attorney's fees incurred by Farmer in defending against Horn's last amending petition.
In all other respects, the judgments are affirmed. Appellant is cast for all costs.
APPEAL DISMISSED AS TO ONE PARTY; JUDGMENT AFFIRMED AS TO REMAINING PARTIES; REMANDED WITH ORDER.
NOTES
[1] Pursuant to La.C.C.P. art. 1915, the judgments of December 7, 2001 and February 13, 2002 were partial judgments and could be immediately appealed without being designated final judgments by the trial court. Hence, they became appealable when the judgment of March 8, 2002, finally decided the remaining issues and concluded the case.
[2] These judgments are directed to the liability of the Jarrett and Bonilla defendants.
[3] That judgment was recently affirmed on appeal. Horn v. Farmer, 2001-CA-2338, 825 So.2d 604 (La.App. 4 Cir. 6/26/02) (Not Designated for Publication).