MARION F. EDWARDS, Judge.
Appellant, Otha Curtis Nelson, Sr., appeals an award of sanctions against him for attorney’s fees, resulting from a prior order of this court. For the following reasons, the judgment of the trial court is affirmed.
*1113 FACTS AND PROCEDURAL HISTORY
The facts and procedural history of the underlying dispute in this matter, which appears before us for the third time, were previously detailed by this Court in In re Succession of Horn.[1] Accordingly, we will pretermit a detailed description of facts and procedural history not relevant to the present appeal.
In our previous opinion, we awarded $1,000 in damages against appellant for the filing of a frivolous appeal, and further ordered:
Applying these factors to the case before us, we find that the conduct sought to be deterred by the trial court in this case is the repetitious filing and pursuit of meritless, duplicative claims. There is no testimony to establish the amount of costs and fees incurred by Farmer caused by the filing of Horn’s meritless litigation.
^Accordingly, we remand to the trial court for a hearing to determine the amount of attorney’s fees Farmer has incurred in defending against Horn’s last amending petition and we order the trial court to award sanctions in the appropriate amount against Horn’s counsel.[2]
On remand, after a hearing on April 25, 2003, the trial court awarded Ann Farmer $12, 295.34 in attorney’s fees, and assessed $1,000 in damages against Nelson as per this Court’s order. Nelson timely filed the present appeal.
LAW AND ANALYSIS
On appeal, Nelson raises four assignments of error: 1) That the trial court erred in allowing Farmer to introduce the profiles of attorneys who did not provide legal services in the proceedings; 2) The amount awarded as attorney’s fees is excessive; 3) The trial court erred in awarding any fees and costs beyond the $1,000.00 designated in this Court’s September 30, 2002 opinion, and; 4) The judgment of attorney’s fees, if executed, would constitute cruel and unusual punishment.
Nelson first argues that the trial court, erred in allowing Farmer to introduce the profiles of attorneys who did not provide legal services in the proceedings. At trial, of the eight exhibits introduced, counsel for Farmer provided two items entitled respectively “Martindale-Hubbell profile of Taggart Morton,” and “taggart-morton.com profile.” While both exhibits profile all of the attorneys employed by Taggart Morton, Nelson argues that only the profiles of Perry Staub, Jr., and Michael W. Hill should have been allowed into evidence. We note that Nelson did not object to the introduction of the profiles at trial.
The trial court is accorded vast discretion concerning the admission of evidence, and its decision will not be reversed on appeal absent an abuse of that discretion.[3] After reviewing the record, we find no error or abuse of discretion in|4the trial court’s action of admitting exhibits pertaining to all attorney Taggart Morton profiles in their entirety.
Next, Nelson argues that the amount of attorney’s fees awarded by the trial court in this case is excessive. A trial court’s award of attorney’s fees should only be reduced if they are unreasonable or clearly excessive.[4] The Louisiana Su *1114 preme Court, in determining the reasonableness of awards of attorney’s fees, have utilized the following factors: (1) the ultimate result obtained; (2) the responsibility incurred; (8) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court’s own knowledge.[5]
In the present case, the trial court was presented with the following evidence in making its determination of attorney’s fees incurred by Farmer in defending against Horn’s last amending petition: First, the trial court heard the testimony of Perry Staub, the managing partner of Taggart, Morton, Ogden, Staub, Rougelot, and O’Brien. As managing partner, Staub supervised billing activities at the firm. Staub testified that on the Horn case, he had day-to-day supervisory authority over the associate handling the case, and further reviewed all bills related to the case prior to the time that the bills were sent to Farmer.
Staub authenticated the invoices from his firm in the amounts of $7,683.25, $3,147.25, $1,149.94, and $314.90, pertaining to time periods represented by the filing of the Second Supplemental and Amending Petition, argument of multiple motion hearings, argument on appeal, as well as work on remand proceedings. The invoices provided a detailed breakdown of the work that Staub’s firm had | .^expended in defending Farmer at the respective rates of its attorneys and staff, as well as copies of legal pleadings that Staub’s firm had prepared on Farmer’s behalf. At the hearing, Nelson did not offer any evidence to contradict Staub’s testimony regarding his firm’s bills to Farmer.
Based upon our review of the record, we do not find the trial court’s award of attorneys’ fees in this case to be unreasonable or excessive.
Nelson also argues that the trial court erred in awarding any fees and costs beyond the $1,000.00 designated in our September 30, 2002 opinion. In our previous opinion, however, we specifically instructed the trial court to conduct a hearing to “determine an appropriate amount of sanctions for the attorney’s fees incurred by Farmer in defending against Horn’s last amending petition” in addition to the award of $1,000.00 for frivolous appeal. The “law of the case” is a doctrine whereby an appellate court will not reconsider its prior rulings on an issue in a subsequent appeal in the same case.[6] Accordingly, as we have previously ruled on this issue, we decline to review this assignment of error.
Finally, Nelson asserts that the judgment at issue is illegal, and that if he should be required to pay the attorney’s fees he will be the “victim of cruel and unusual punishment” in direct violation of the United States and Louisiana Constitutions. While raising the issue as an assignment of error, we note that Nelson merely includes a single sentence in his brief that merely restates the assigned error, but-contains no legal authority for his position. According to Rule 2-12.4 of the Uniform Rules, Courts of Appeal, all specifications or assignments of error must be briefed and the appellate court may *1115 consider as abandoned any specification or assignment of error that has not been briefed. Restating an ^assigned error in brief without argument or citation of authority does not constitute briefing.[7] Accordingly, we will not consider Nelson’s final assignment of error.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant.
AFFIRMED.

. 02-430 (La.App. 5 Cir. 9/30/02), 827 So.2d 1241; writ denied, 2002-2917 (La.2/7/03), 836 So.2d 105.

. 827 So.2d 1241, 1247.

. Maddox v. Omni Drilling Corp., 96-1673 (La.App. 3 Cir. 8/6/97); 698 So.2d 1022; writ denied, 1997-2766 (La.1/30/98), 709 So.2d 706.

. Teche Bank & Trust Company v. Willis, 93-732 (La.App. 3 Cir. 2/2/94) 631 So.2d 644.

. Rivet v. State, Dept. of Transp. and Development, 96-0145 (La.9/5/96), 680 So.2d 1154, 1161.

. Veazey v. Elmwood Plantation Associates, 625 So.2d 675 (La.App. 5 Cir.1993), writ granted 93-2818 (La.2/4/94), 633 So.2d 158, affirmed by 93-2818 (La. 11/30/94), 650 So.2d 712.

. State v. Inzina, 31,439, p. 19 (La.App. 2 Cir. 12/9/98), 728 So.2d 458, 469.