liWALTZER, Judge.
Defendant appeals an award of sanctions. Defendant contends that the trial court erred when it granted plaintiffs Motion for Sanctions and awarded sanctions against defendant and his attorney “in the sum of $5,000.00 with interest from date of judgment until paid.” Defendant argues for reversal of the award of sanctions because he complied with the appropriate procedures when, five days before the scheduled arbitration of the parties’ demands, he applied for and obtained a temporary restraining order to prevent the plaintiff from presenting its demand at the arbitration.
FACTS
Plaintiff, the Fisk Corporation, filed this suit for damages and injunctive relief after defendant, John Michel, resigned his employment with the Fisk Corporation and began working for plaintiffs competitor. Defendant objected to the injunctive relief, answered the claims and demanded arbitration. The trial court denied plaintiffs request for injunctive relief.
On 8 August 1995, defendant in the lawsuit demanded arbitration under the employment contract. The Fisk Corporation counterclaimed on 8 July 1996 in the arbitration asserting many claims which it had alleged in this lawsuit. Michel answered the counterclaim in the arbitration on 17 July 1996.
With arbitration scheduled for 24 September 1996, defendant sought a temporary restraining order on 19 September 1996, preventing the plaintiff from |2pursuing its counterclaim at the arbitration. Defendant mailed plaintiff a copy of his application on 20 September 1996. On 23 September 1996, plaintiff was served with a copy of the temporary restraining order. The arbitration was delayed since the temporary restraining order prevented disposing of the entire matter. On 25 September 1996, after a hearing, the trial court denied defendant’s request for injunctive relief.
On 16 October 1996, plaintiff moved for sanctions against the defendant’s attorney under LSA-C.C.P. art. 863. After hearing, the trial court awarded $5,000.00 in sanctions against both defendant and his attorney. Defendant and his attorney appeal the award of sanctions under LSA-C.C.P. art. 863.
LAW AND DISCUSSION
On appeal, this court reviews a trial court’s findings of a violation of LSA-C.C.P. art. 863 to determine whether the record furnishes no evidence to support the finding, or the finding is clearly wrong. Borne v. New Orleans Health Care, Inc., 616 So.2d 236, 239 (La.App. 4 Cir.1993), writ denied, 623 So.2d 1332 (La.1993). After a court determines that a violation of LSA-C.C.P. art. 863 occurred, it has considerable discretion imposing the type and severity of sanctions. Id.
LSA-C.C.P. art. 863 provides, in pertinent part:
*1064 B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
******
|3P. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney’s fee.
Paragraph B of LSA-C.C.P. art. 863 is a four-part certification. Sanchez v. Liberty Lloyds, 95-0956 (La.App. 1 Cir. 4/4/96); 672 So.2d 268, 272, writ denied, 96-1123 (La.6/7/96); 674 So.2d 972. The violation of any part of this certification requires sanctions. Id. LSA-C.C.P. art. 863(B) requires: (1) the attorney read the pleading; (2) to the best of his knowledge, information and belief formed after reasonable inquiry, the pleading is well-grounded in fact; (3) the pleading is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (4) the .pleading is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Sanchez, supra at 272.
Article 863 requires the attorney or litigant to make an objectively reasonable inquiry prior to signing the pleading. Subjective good faith does not satisfy the duty of reasonable inquiry. This rule applies to the signing of pleadings, motions and other papers and imposes upon attorneys and litigants affirmative duties as of the date the document is signed. The affirmative duties are personal and non-delegable. The signing attorney must satisfy himself, by application of his own judgment, that the pleading is factually and legally responsible. Article 863 is intended for exceptional circumstances, it is not violated simply because a party’s argument or ground for relief is subsequently found unjustified. Borne, supra at 238.
|4The trial court awarded sanctions against defendant and his attorney, Ralph Smith. The court determined that the parties had failed to comply with the affirmative obligations imposed by LSA-C.C.P. art. 863(B).
This court must first address whether the TRO was sought in good faith, warranted by existing law, and whether it was sought for harassment or dilatory purposes. LSA-C.C.P. art. 3603 provides, in pertinent part:
A. A temporary restraining order shall be granted without notice when:
(1) It clearly appears from specific facts shown by a verified petition or by supporting affidavit that immediate and irreparable injury, loss, or damage will result to the applicant before- the adverse party or his" attorney can be heard in opposition, and
(2) The applicant’s attorney certifies to the court in writing the efforts which have been made to give the notice or the reasons supporting his claim that notice should not be required.
Defendant’s Motion for Temporary Restraining Order and Preliminary Injunction contains neither factual allegations of irreparable harm resulting to the defendant “before the adverse party or his attorney can be heard in opposition” nor any allegations of notice or “efforts” to notify the plaintiff. Appellants did not comply with these requirements in obtaining the TRO.
Appellants argue that the “CERTIFICATE OF SERVICE” satisfies the re- ■ quirements of notice under LSA-C.C.P. art. 3603. However, this court agrees with the trial court that a cursory review of the re *1065 quirements for obtaining a TRO reveals that the applicant is required to notify the adverse party of its intention to obtain a TRO before applying or indicate in its application why notice should not be given by the facts of the case or what efforts he made to give notice. We are buttressed in our opinion by Comment (a) to LSA-C.C.P. art. 3603. The applicant |sdid not attempt to comply with the requirements of LSA-C.C.P. art. 3603 in applying for the TRO.
Furthermore, the facts, which the applicant conspicuously omits from his application for TRO, indicate that the pleading was filed for both harassment and dilatory purposes. Four months after the arbitration was scheduled and five days before the arbitration was to begin, defendant demanded the TRO. Defendant mentioned neither the date of the scheduled arbitration nor the date of the scheduling of the arbitration, in his application for the TRO. Clearly, the date of the arbitration and the date of its scheduling were relevant to his demand for injunctive relief and should have been revealed to the trial court. Defendant and his attorney again violated a mandate of LSA-C.C.P. art. 863.
CONCLUSION
The trial court made a factual finding that appellants violated LSA-C.C.P. art. 863. The trial judge awarded $5,000.00 in sanctions, representing the plaintiffs attorney’s fees, as allowed under that statute and in an amount that was well within his discretion. We find no error in the conclusions of the trial judge and affirm this judgment in favor of the plaintiff.

AFFIRMED.