818 So.2d 864 (2002)
Jerri Page DUBOIS
v.
Kevin W. BROWN; Tim Gilmore; American Motorists Insurance Company; and Farm Bureau Insurance Company.
No. 2001 CA 0816.
Court of Appeal of Louisiana, First Circuit.
May 10, 2002.
Edward O. Taulbee, IV, Lafayette, Counsel for Defendant/Appellant, Louisiana Farm Bureau Casualty Insurance Company.
*865 Thomas M. Lockwood, A. Gregory Rome, Baton Rouge, Counsel for Defendant/Appellee, Leroy J. Laiche, Jr.
Before: GONZALES, KUHN, JJ. and PHILIP C. CIACCIO, J. Pro Tem.[1]
GONZALES, Judge.
In this case, the trial court awarded $8,000.00 in sanctions under La. C.C.P. art. 863 against an attorney, Leroy J. Laiche, Jr. The insurer, Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau), appealed that judgment, asking for an increase in the sanctions award and for interest on the judgment.
The underlying facts are not at issue. On February 6, 1997, Mr. Laiche filed a petition for damages alleging that several defendants, including Farm Bureau, were liable to his client for damages sustained in an auto accident on February 7, 1996. Farm Bureau answered the petition and filed an exception of prescription, contending that the accident actually occurred on February 1, 1996. Mr. Laiche did not file a response to the exception of prescription; however, at the hearing on the exception, Mr. Laiche moved to continue the hearing and offered evidence and argument that Farm Bureau had acknowledged the debt. The trial court denied the motion to continue the hearing and later granted the exception of prescription.
Thereafter, Farm Bureau filed a motion to compel discovery for the purpose of making inquiry into whether Farm Bureau was entitled to sanctions under La. C.C.P. art. 863. After discovery, Farm Bureau filed a motion for sanctions against Mr. Laiche.
After a hearing on the motion, the trial court found that a petition for damages filed by Mr. Laiche alleging that the accident date was February 7, 1996, was erroneous and that Mr. Laiche "wrongfully denied" Farm Bureau's request for admission that the correct date of the accident was February 1, 1996. The trial court also found that an accident report had been altered by someone in Mr. Laiche's office to show the February 7, 1996 date for the specific purpose of covering up the fact that prescription had run on the case.
Thereafter, the trial court awarded 863 sanctions in the amount of $8,000.00 against Mr. Laiche to Farm Bureau and assessed the cost of the hearing to Mr. Laiche; however, the trial court failed to award Farm Bureau legal interest on the award of sanctions and expenses. Farm Bureau is appealing that judgment and makes the following assignments of error:
1. Whether the Trial Court abused its discretion in awarding only $8,000.00 in attorney's fees when the uncontradicted evidence established that FARM BUREAU had incurred approximately $19,551.67 for defense of the original frivolous pleading (Petition for Damages) and the prosecution for the Motion for Sanctions.
2. Whether the Trial Court was clearly wrong and/or committed a manifest error by finding that some of FARM BUREAU'S expenses and billing submitted to the Court went to reviewing the acknowledgment issue when the Trial Court acknowledged it was not aware of what part of the bill reflected any defense to LAICHE'S alleged acknowledgment issue.
3. Whether the Trial Court abused its discretion in failing to award FARM BUREAU legal interest on the *866 award of Sanctions from the date of judicial demand.
Louisiana Code of Civil Procedure article 863 provides:
A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Once the trial court finds a violation of Article 863 and imposes sanctions, the determination of the type and/or the amount of the sanction is reviewed on appeal utilizing the "abuse of discretion" standard. Connelly v. Lee, 96-1213 (La. App. 1 Cir. 5/9/97), 699 So.2d 411, 414, writ denied, 97-2825 (La.1/30/98), 709 So.2d 710.
Farm Bureau asserts that the trial court erred in awarding only $8,000.00 in attorney's fees when its evidence proved that the actual attorney's fees totaled $19,551.67. Given the severity of Mr. Laiche's egregious conduct, Farm Bureau argues the trial court should have awarded all fees and expenses incurred by Farm Bureau in the defense of the petition for damages as well as the attorney's fees for the motion for sanctions.
Louisiana Code of Civil Procedure article 863 authorizes an award of "reasonable" and not necessarily actual attorney fees. The goal to be served by imposing sanctions is not wholesale fee shifting, but correction of litigation abuse. Joyner v. Wear, 27,631 (La.App. 2 Cir. 12/6/95), 665 So.2d 634, 642, writs denied, 96-0040, 96-0042 (La.2/28/96), 668 So.2d 370.
*867 Four factors have evolved which must be considered in arriving at an appropriate sanction award. They are: (1) what conduct is being punished or is sought to be deterred by the sanction? (2) What expenses or costs were caused by the violation of the rule? (3) Were the costs or expenses "reasonable" as opposed to self-imposed, mitigatable, or the result of delay in seeking court intervention? (4) Was the sanction the least severe sanction adequate to achieve the purpose of the rule under which [it] was imposed? Butler v. Reeder, 98-484 (La.App. 5 Cir. 12/29/98), 728 So.2d 888, 895, writs denied, 99-1026, 99-1035 (La.5/28/99), 743 So.2d 673, 674.
Applying these factors to the case before us, we find that the trial court sought to deter and punish conduct which covered up the fact that prescription had run on Mr. Laiche's case. The trial court found that expenses and costs were incurred by Farm Bureau in defending the suit; however, the trial court determined that the amount Farm Bureau claimed for defending the underlying suit and bringing the motion for sanctions was not a reasonable amount to assess Mr. Laiche under the facts of the case. The trial court, in its discretion, determined that $8,000.00 was an adequate sanction under the facts of this case to achieve the purpose of La. C.C.P. art. 863.
After a thorough review of the record, we cannot say that the trial court abused its discretion in awarding $8,000.00 in sanctions in this case. These assignments of error have no merit.

ASSIGNMENT OF ERROR NO. 3
Mr. Laiche conceded at oral argument that the trial court erred in failing to award interest to Farm Bureau. This court has previously approved a sanctions award that included interest. Connelly v. Lee, 699 So.2d 411. Also, other Louisiana courts of appeal have approved sanctions awards that included legal interest. Parker v. Progressive Insurance Company, 31,147 (La.App. 2 Cir. 10/28/98), 720 So.2d 408; John W. Fisk Co. v. Michel, 97-2105 (La.App. 4 Cir. 3/25/98), 709 So.2d 1061.
Thus, we amend the trial court judgment to add legal interest from the date of demand, which is October 13, 2000, the date of Farm Bureau's motion for sanctions.
Further, we note that Farm Bureau asked for attorney's fees for the work done on this appeal; we decline to make such award.
Therefore, for the foregoing reasons, the trial court judgment is AMENDED to add legal interest from the date of demand; in all other aspects, the trial court judgment is AFFIRMED. Costs of this appeal are split equally between Mr. Laiche and Farm Bureau.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.