964 So.2d 426 (2007)
Theresa MATHIS
v.
J.A. MATHIS.
No. 2006-CA-1589.
Court of Appeal of Louisiana, Fourth Circuit.
July 25, 2007.
*427 John O. Pieksen, Jr., John Pieksen & Associates, APLC, New Orleans, LA, and Ammon L. Miller, Jr., Law Office of Ammon L. Miller, Jr., New Orleans, LA, for Plaintiff/Appellee.
D. Douglas Howard, Jr., Stacey L. Miller, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Defendant-Appellant, J.A. Mathis, appeals the trial court's decision to deny sanctions, costs, or attorney's fees. For the reasons that follow, we vacate this portion of the judgment and remand.
FACTS
After Appellant J.A. Mathis and Appellee Theresa Mathis were married, they relocated to Okinawa, Japan in 1997, where Appellant was stationed as an active duty marine. The couple lived in Okinawa for approximately nine years with their three minor children. In late 2005, Appellant and Appellee separated, and in March 2006, Appellant obtained an order from the Superior Court of Guam granting him temporary custody of the children[1] pending a hearing (subject to liberal visitation by Appellee).
On March 31, 2006, Appellee then filed a Petition in Orleans Parish for Divorce and Injunctive Relief, Spousal Support, Rule for Child Support and Custody. In paragraph II of the petition, Appellee represented that "[v]enue is proper in this Court pursuant to LCCP art. 3941 because petitioner [Appellee] is domiciled in the Parish of Orleans, State of Louisiana." (emphasis added). Noting that Appellee had filed for divorce in Louisiana, the Superior Court of Guam subsequently granted a Motion to Dismiss and Relinquish Jurisdiction filed by Appellee on June 14, 2006.
PROCEDURAL HISTORY
Appellee filed an ex parte Motion for Entry of Interim Emergency Custody Order in Civil District Court for the Parish of Orleans, which was granted on June 20, 2006 without a contradictory hearing, awarding sole custody to Appellee. The order further provided that Appellee must return to Okinawa by August 11, 2006, with the three children, or be held in contempt of Court.
In July 2006, Appellee filed an identical suit in Terrebonne Parish via different counsel. Subsequently, in August 2006, Appellant filed an Exception to Improper Venue and Sanctions and Attorney's Fees in Orleans Parish, arguing that Appellee was not domiciled in Orleans Parish, and that counsel for Appellee had a duty to *428 verify that representations made to him by Appellee were true pursuant to La. C.C.P. art 863. Appellant further argued that counsel for Appellee should be sanctioned for failing to perform a reasonable inquiry before certifying the pleadings, and that Appellant had incurred court costs and attorney's fees associated with the litigation in Orleans Parish.
After a pretrial conference, a hearing was conducted on the Exception to Improper Venue and Sanctions and Attorney's Fees on October 4, 2006. The trial court heard arguments from both parties and ultimately granted the Exception of Improper Venue, but denied the motions for sanctions and attorney's fees. This appeal followed.
STANDARD OF REVIEW
This Court has held that a trial court's judgment regarding sanctions under La. C.C.P. art. 863 is reviewed under the manifest error/clearly wrong standard:
Article 863 is intended only for exceptional circumstances and is not to be used simply because parties disagree as to the correct resolution of a legal matter. Fairchild v. Fairchild, 580 So.2d 513, 517 (La.App. 4 Cir.1991). On appellate review, a trial court's finding as to a sanctionable violation of C.C.P. art. 863 may not be disturbed unless the record furnishes no evidence to support the finding, or the finding is clearly wrong. Id., Loyola v. A Touch of Class Transp. Service, Inc., 580 So.2d 506 (La. App. 4 Cir.1991).
Green v. Wal-Mart Store No. 1163, 96-1124, (La.App. 4 Cir. 10/17/96), 684 So.2d 966, 969.
DISCUSSION
Although both parties have asserted several arguments in this case, the sole issue for review is whether the trial court committed manifest error by declining to award sanctions against Appellee when granting Appellant's Exception of Improper Venue.
It is not disputed that Appellee in this case certified to the trial court that she was domiciled in Orleans Parish when, in fact, she was not. Louisiana Code of Civil Procedure Article 863(B) addresses the issue of accuracy with regard to pleadings, and provides:
Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
La. C.C.P. art. 863(B)(emphasis added). Moreover, Louisiana Code of Civil Procedure 863(D) mandates that if an inaccurate certification is represented to the court, that sanctions be imposed:
If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
*429 La. C.C.P. art. 863(D)(emphasis added). While granting the Appellant's exception of improper venue, however, the trial court determined that sanctions or attorney's fees were not appropriate:
THE COURT:
Now, Mr. Howard, why do we have exceptions? We have them because sometimes lawyers make the wrong decision of where to file. So you have an exception.
MR. HOWARD:
I also have a sanctions motions [sic] and a motion for attorney fees. I do have a 
THE COURT:
I am denying them both. I am denying them both because there is nothing here that says his actions were sanctionable. Furthermore, Mr. Howard, as was stated in the pretrial conference, he agreed to pull it, where you would not have had to come into court and argue this.[2]
After further discussion, the trial court elaborated that sanctions were not reasonable with regard to counsel for Appellee's conduct:
THE COURT:
Mr. Howard, I am not going to let you stand up here and continue to talk about Guam . . . We signed [] ex parte communications that gave this woman her children, so he did not see them. But to say that the actions of this attorney is [sic] sanctionable and that he should pay you $6,500 and the Court $5,000, to me, it is not reasonable.
MR. HOWARD:
Then what is reasonable?
THE COURT:
Nothing. I don't find his action as sanctionable.
Although a trial court's findings are generally given great deference, in light of the mandatory language in La. C.C.P. 863(D) regarding sanctions, and because it is undisputed that the certification to the court that Appellee was domiciled in Orleans Parish was false, we find that the trial court committed manifest error in failing to allow Appellant to set forth his case to the court regarding sanctions or attorney's fees in this case.
Accordingly, because we are unable to determine, based on the information contained in the record, what, if any, sanction(s) would be appropriate in this case, we vacate the portion of the judgment denying Appellant's Motion for Sanctions and Attorney's Fees and remand the matter to the trial court for hearing on those issues.
VACATED IN PART AND REMANDED.
MURRAY, J., Concurs and Assigns Reasons.
MURRAY, J., Concurring.
I concur in the vacating of the trial court's judgment but for different reasons than those of the majority. I believe that sanctions are warranted under La. C.C.P. art. 863(D) because there is no dispute that Appellee, Ms. Mathis, was neither domiciled nor residing in Orleans Parish at the time her petition was filed, nor had she any intention of establishing a domicile there. Moreover, her petition, which seeks a custody order, neglects to mention that there was a temporary custody order already in place. Ms. Mathis' failure to understand the meaning of the legal term *430 "domicile" does not excuse her failure or her attorney's failure to comply with the terms of article 863(B) regarding the verification of petitions.
I also concur in the remand of the matter to the trial court. However, I would remand for the sole purpose of having the trial court determine the extent of the sanctions that should be imposed in this case.
Accordingly, I respectfully concur in the result reached by the majority.
NOTES
[1] Guam was the closest United States jurisdiction to Okinawa.
[2] Prior to the hearing date on the Exception of Improper Venue, counsel for Appellee offered to dismiss the Orleans Parish proceeding voluntarily; however, counsel for Appellant refused.