STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0337

AMANDA L. LANDRY

VERSUS

ANTHONY KYLE LANDRY

**Judgment Rendered:** OCT 0 8 2021

* * * * * *

Appealed from the
Twentieth Judicial District Court
In and for the Parish of East Feliciana
State of Louisiana
Suit Number 41390

Honorable William G. Carmichael, Presiding

* * * * * *

Charles E. Griffin, II
St. Francisville, LA

Counsel for Defendant/Appellant
Charles E. Griffin, II

Vincent A. Saffiotti
Baton Rouge, LA

Counsel for Plaintiff/Appellee
Amanda Landry

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

**GUIDRY, J.**

In this community property partition proceeding, appellant, Charles E. Griffin, II, appeals from a trial court judgment sanctioning Mr. Griffin in accordance with La. C.C.P. art. 863 as a result of his filing of a Motion for Continuance in the instant matter and not appearing for trial on the scheduled date of October 14, 2020. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Amanda L. Landry and Anthony Kyle Landry were married on October 20, 1990; however, Amanda filed a petition for divorce on September 6, 2011. Thereafter, on June 18, 2020, the parties filed a joint motion and order to set the community property partition for trial on October 14, 2020, at 9:30 a.m. before Honorable William G. Carmichael in East Feliciana Parish.

On August 6, 2020, Mr. Landry filed a Motion to Substitute Counsel of Record, requesting that his then counsel be withdrawn as counsel of record and that Mr. Griffin be enrolled as counsel of record for him. The trial court signed an order permitting the withdrawal and enrollment of counsel as requested on August 10, 2020.

Thereafter, Mr. Griffin filed an ex parte Motion for Continuance on October 12, 2020, requesting that the trial scheduled for Wednesday, October 14, 2020, be moved due to a conflict. Mr. Griffin stated in his motion that he was scheduled to appear on this date before the 19th Judicial District Court (19th JDC) in East Baton Rouge Parish in a proceeding entitled "Kevin Gaines, Sr. versus Brenda Gaines, Number 221052, Division D, The Family Court, Parish of East Baton Rouge, State of Louisiana," and that he had informed the court of this conflict when he enrolled as counsel of record in August. Accordingly, Mr. Griffin requested that the matter be continued until the next available court date. The motion also contained an order, which was not signed.

2

The case was called on the docket on October 14, 2020, whereupon the trial court stated that it had just received a copy of the Motion for Continuance that morning. Present in court was counsel for Ms. Landry, who was unaware that a motion for continuance had been filed. Mr. Griffin did not appear. In discussions among the court, Ms. Landry's counsel, and personnel in the 19th JDC, it was determined that a status conference in the Gaines matter was scheduled that morning in Baton Rouge, but that Mr. Griffin did not appear in Baton Rouge for the scheduled conference. Due to the alleged misrepresentations by Mr. Griffin, Ms. Landry's counsel requested that the court deny Mr. Griffin's Motion for Continuance and moved the court to proceed with the scheduled trial. However, the trial court noted that proceeding with trial in the absence of Mr. Landry's counsel would be detrimental to Mr. Landry and would punish him for the apparent actions of his attorney. Ms. Landry's counsel requested that any continuance should not be used as an excuse by Mr. Landry's counsel to allow the filing of additional pleadings in the matter. As such, the trial court signed an order on October 21, 2020, continuing the community property partition previously scheduled for October 14, 2020, without date and further ordered that no further pleadings/amendments shall be allowed to be filed in the community property partition pending the rescheduled trial date.

Despite the trial court's order, Mr. Griffin filed a Motion for Time to File Traversal on October 22, 2020, moving the court to set a time to allow Mr. Landry's counsel to provide amended pleadings for the Detailed Descriptive List. The trial court signed an order denying Mr. Griffin's motion on the same date.

Thereafter, on October 30, 2020, Ms. Landry's counsel filed a Rule for Sanctions, alleging that no conflict with the trial date had been disclosed to Ms. Landry's counsel prior to the scheduled trial date, that Ms. Landry's counsel did not receive a copy of the Motion for Continuance in advance of the scheduled trial, and

that Mr. Griffin did not appear and argue the motion, which is not an ex parte motion. Particularly, Ms. Landry's counsel alleged that the week prior to trial, the docket clerk for Judge Hunter Greene in the 19th JDC was informed by Mr. Griffin's opposing counsel that they were not ready for trial and would need to get new dates from the court and sign a new case management schedule. Opposing counsel in the Gaines case again informed the court on October 13, 2020, that it was his understanding there would be no pre-trial conference the next day, but that he would leave the decision up to Mr. Griffin. The docket clerk for Judge Greene contacted Mr. Griffin's office requesting confirmation to no avail. The clerk informed Mr. Griffin's office that unless she heard otherwise, the pre-trial conference would not occur on October 14, 2020. Mr. Griffin did not appear for the pre-trial conference on October 14, 2020, and did not contact the court. Accordingly, Ms. Landry's counsel alleged that Mr. Griffin intentionally misrepresented to the court his inability to be present for the scheduled trial and that the continuance was filed to purposely delay the proceedings and cause unnecessary delay. Ms. Landry's counsel requested that the trial court impose sanctions pursuant to La. C.C.P. art. 863, including but not limited to reasonable expenses incurred because of the filing of the Motion for Continuance, including attorney's fees and costs.

The hearing on the Rule for Sanctions was set for November 23, 2020. On the date set for the hearing, Mr. Griffin filed an Opposition to Rule for Sanctions denying the allegations. At the hearing, both counsel presented oral argument, and Mr. Griffin submitted exhibits in support of the Motion for Continuance that he filed. Following the hearing, the trial court signed a judgment sanctioning Mr. Griffin in accordance with La. C.C.P. art. 863 as a result of his filing of the Motion for Continuance in the instant matter and his failure to appear on the date of trial on October 14, 2020. The trial court ordered Mr. Griffin to pay attorney's fees and

4

court costs in the amount of $2,575.00 incurred by Ms. Landry. Mr. Griffin now appeals from the trial court's judgment.

Ms. Landry has filed an answer to the appeal seeking an award of additional attorney's fees and costs incurred in this matter relative to the appeal.

## DISCUSSION

Louisiana Code of Civil Procedure article 863 provides:

A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose physical address and email address for service of process shall be stated. A party who is not represented by an attorney shall sign his pleading and state his physical address and email address, if he has an email address, for service of process. If mail is not received at the physical address for service of process, a designated mailing address shall also be provided.

B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.

5

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

Accordingly, under La. C.C.P. art. 863, there is an affirmative duty imposed on attorneys and litigants to make an objectively reasonable inquiry into the facts and the law. See Droddy v. Porter, 19-0633, p. 5 (La. App. 1st Cir. 12/27/19), 292 So. 3d 925, 928. In determining whether an attorney has breached that affirmative duty, the trial court should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading was submitted. Sanchez v. Liberty Lloyds, 95-0956, p. 7 (La. App. 1st Cir. 4/4/96), 672 So. 2d 268, 272, writ denied, 96-1123 (La. 6/7/96), 674 So. 2d 972.

Article 863 does not empower a trial court to impose sanctions simply because a particular argument or ground for relief is subsequently found to be unjustified; failure to prevail does not trigger an award of sanctions. Furthermore, La. C.C.P. art. 863 is intended to be used only in exceptional circumstances; where there is even the slightest justification for the assertion of a legal right, sanctions are not warranted. Tubbs v. Tubbs, 96-2095, pp. 6-7 (La. App. 1st Cir. 9/19/97), 700 So. 2d 941, 945. A trial court's determination regarding the imposition of sanctions is subject to the manifest error or clearly wrong standard of review. Stroscher v. Stroscher, 01-2769, p. 8 (La. App. 1st Cir. 2/14/03), 845 So. 2d 518, 526.

Once the trial court finds a violation of La. C.C.P. art. 863 and imposes sanctions, the determination of the type and/or the amount of the sanction is reviewed on appeal utilizing the abuse of discretion standard. Stroscher, 01-2729 at p. 8, 845 So. 2d at 526. Louisiana Code of Civil Procedure article 863 authorizes an award of "reasonable attorney fees," which is not necessarily actual attorney fees. The goal to be served by imposing sanctions is not wholesale fee shifting but

correction of litigation abuse. <u>Dubois v. Brown</u>, 01-0816, p. 4 (La. App. 1st Cir. 5/10/02), 818 So. 2d 864, 866, <u>writ denied</u>, 02-1654 (La. 10/14/02), 827 So. 2d 421.

In the instant case, the basis for Ms. Landry's Rule for Sanctions was the Motion for Continuance filed by Mr. Griffin. A motion for continuance shall set forth the grounds upon which it is based, and if the motion is in writing, it shall comply with the provisions of La. C.C.P. art. 863. La. C.C.P. art. 1603. Furthermore, every contested motion for a continuance shall be tried summarily and contradictorily with the opposing party. La. C.C.P. art. 1605.

It is undisputed that Mr. Griffin filed his written Motion for Continuance on October 12, 2020, two days before the scheduled trial date, as an ex parte motion. This type of filing is clearly contrary to the rules set forth in the Louisiana Code of Civil Procedure, and as such, is not supported by existing law. In addition to filing an improper motion, Mr. Griffin also failed to appear before the trial court on the date set for trial of the community property partition to either argue his motion or proceed with trial. Therefore, these actions, which demonstrate a total disregard for the Louisiana Code of Civil Procedure, caused unnecessary delay and are in violation of La. C.C.P. art. 863. <u>See</u> <u>Sternberg v. Sternberg</u>, 97-101, pp. 8-9 (La. App. 5th Cir. 5/28/97), 695 So. 2d 1068, 1072, <u>writ denied</u>, 97-1737 (La. 10/13/97), 703 So. 2d 618.

Additionally, the basis set forth in the motion was a conflict with the trial date due to a scheduled appearance before the 19th JDC in Baton Rouge on the same date. The evidence in the record, however, indicates that while Mr. Griffin had filed a case management schedule on August 4, 2020, indicating that a pre-trial conference in the matter pending before the 19th JDC was scheduled for 9:30 a.m. on October 14, 2020, email correspondence dated October 13 and 14, 2020 between counsel in that matter and the clerk in the 19th JDC indicates that counsel had been in discussions to continue the pre-trial conference set for October 14, 2020, and in fact were not

moving forward with the scheduled conference. Rather, the parties were going to schedule a status conference by telephone at a later date to set new dates. Mr. Griffin acknowledged that he was aware that any status conference was to be by telephone and that he was not going to have to appear in Baton Rouge.

The trial court, after considering the evidence presented at the hearing, clearly did not find that Mr. Griffin reasonably believed at the time his Motion for Continuance was filed on October 12, 2020, that a conflict existed due to a scheduled appearance before the 19th JDC in Baton Rouge. Accordingly, based on our review of the entire record, we find no manifest error in the trial court's judgment finding that Mr. Griffin's actions in filing the Motion for Continuance violated La. C.C.P. art. 863.

Additionally, once a court finds a violation of La. C.C.P. art. 863, the imposition of sanctions is mandatory and may include an order to pay the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees. La. C.C.P. art. 863(D). In arriving at an appropriate sanction award, courts consider (1) the conduct that is being punished or is sought to be deterred by the sanction; (2) the expense or costs caused by the violation of the rule; (3) the reasonableness of the costs or expenses as opposed to self-imposed, mitigatable, or those that are the result of delay in seeking court intervention; and (4) whether the sanction is the least severe sanction adequate to achieve the purpose of the rule under which it was imposed. Dubois, 01-0816 at p. 4, 818 So. 2d at 867.

From our review of the record, we find no abuse of the trial court's discretion in finding that $2,575.00, representing what it found to be the attorney's fees and costs incurred by Ms. Landry, was an appropriate sanction in the instant case. Mr. Griffin filed his improper motion two days before the scheduled trial of this matter, and neither opposing counsel nor the trial court received the motion until the day of

8

trial. Consequently, opposing counsel appeared in court on the date scheduled for trial, prepared to proceed. Mr. Griffin, however, failed to appear to either try his motion or proceed with trial. The trial court was forced to continue the matter to avoid any detriment to Mr. Landry for Mr. Griffin's actions, which, due to the impending retirement of the presiding trial court judge, resulted in unnecessary delay and caused counsel for Ms. Landry to file its motion for sanctions. Ms. Landry's counsel stated at the hearing that the reasonable attorney's fees and costs incurred prior to and including the hearing on the motion for sanctions totaled $2,575.00. Accordingly, considering the facts of this case, we find no abuse of the trial court's discretion in ordering Mr. Griffin to pay sanctions in the amount of $2,575.00.

Finally, Ms. Landry has filed an answer to the appeal seeking an award of additional attorney's fees and costs incurred in this matter relative to the appeal. Ms. Landry states in brief that "the filing of the instant appeal by Mr. Griffin is frivolous and additionally costly to Appellee[.]" Louisiana Code of Civil Procedure article 2164 provides:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

Appeals are favored, and damages for frivolous appeal will not be awarded unless they are clearly due. Damages for frivolous appeal are only allowed when it is obvious that the appeal was taken solely for delay, or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious. Canik v. Su Casa Builder, LLC, 20-0677, pp. 7-8 (La. App. 1st Cir. 12/30/20), 317 So. 3d 690, 695.

9

Although we do not find merit in Mr. Griffin's claims, we do find that he seriously advocated his position. Therefore, we find that damages for frivolous appeal are not warranted.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to Charles E. Griffin, II.

**AFFIRMED; ANSWER TO APPEAL DENIED.**