| | | |
|---|---|---|
| **ANDRE PIERCE** | * | **NO. 2022-CA-0848** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **BUCK KREIHS COMPANY,** | * | |
| **INC., ABC INSURANCE** | | **FOURTH CIRCUIT** |
| **COMPANY, ECONOMY IRON** | * | |
| **WORKS, INC., AND DEF** | | **STATE OF LOUISIANA** |
| **INSURANCE COMPANY** | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-03951, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Tiffany Gautier Chase, Judge Rachael D. Johnson)

Leo Caillier, III
CAILLIER & ASSOCIATES, LLC
711 2nd Street
Gretna, LA 70053

      COUNSEL FOR PLAINTIFF/APPELLANT

Andrew Miner
George J. Nalley, Jr.
NALLEY, DEW & MINER, APLC
2450 Severn Ave, Suite 100
Metairie, LA 70001

      COUNSEL FOR DEFENDANT/APPELLEE

                         **AFFIRMED**
                      **July 31, 2023**

DLD
TGC
RDJ

In this tort case, the plaintiff, Andre Pierce, appeals the trial court's granting of a motion for sanctions pursuant to La. C.C.P. art. 863 in favor of the defendant, Buck Kreihs Marine Repair, LLC, and against the plaintiff.[1]  We affirm for the reasons that follow.

**FACTS AND PROCEDURAL HISTORY**

Mr. Pierce alleges that he was injured in a workplace accident at the Port of New Orleans on November 18, 2020, when he fell and injured himself because the handrail on the trolley of the Port's Crane No. 7 failed.  On May 10, 2021, Mr. Pierce filed a petition for damages, naming Buck Kreihs and others as defendants. Prior to Mr. Pierce filing his petition for damages, counsel for Buck Kreihs had spoken with the plaintiff's counsel and advised him that Buck Kreihs had not done any work on Crane No. 7 and that the Port's representatives had told Buck Kreihs

---

[1] According to La. C.C.P. art. 1915(A)(6): "A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court: (6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G). "Judgments rendered under Article 1915(A)(6) do not require that the trial court to designate the judgment as final for purposes of an immediate appeal." *Cambrie Celeste LLC v. Starboard Management, LLC*, 2016-1318, p. 10 (La. App. 4 Cir. 11/6/17), 231 So.3d 79, 84-85.

1

that they had no information indicating that Buck Kreihs had performed any work on the handrail at issue. Counsel for Buck Kreihs also asked that Mr. Pierce produce any contradictory evidence or information that might show that Buck Kreihs was in any way involved. No evidence or information was produced.

After being served with the citation and the plaintiff's petition, Buck Kreihs filed an answer, denying the plaintiff's allegations and propounding discovery. In response, Buck Kreihs was told that Port supervisor Jason Gervais had told Mr. Pierce that Buck Kreihs had done work on the handrail prior to his accident. Counsel for Buck Kreihs also obtained public records from the Port regarding all work ever performed on Crane No. 7 and found no indication that Buck Kreihs had ever done any work on the crane or its handrail. These records were produced to the plaintiff's counsel on November 28, 2021. At that time, a voluntary dismissal was also requested. There was no response from the plaintiff.

On January 14, 2022, Buck Kreihs took the plaintiff's deposition and he testified that he had no personal information or knowledge that Buck Kreihs did any work on the handrail in question, and no one ever told him that Buck Kreihs may have been responsible for that work. Following the deposition, counsel for Buck Kreihs again requested that the plaintiff dismiss his client. There was no response from the plaintiff.

On February 16, 2022, the parties took the deposition of Jason Gervais. Mr. Gervais testified that he had no knowledge of Buck Kreihs ever doing any work on the subject handrail. The following day, February 17, 2022, counsel for Buck

Kreihs once again asked plaintiff's counsel for a dismissal. In response, plaintiff's counsel faxed a letter to counsel for Buck Kreihs stating that "my client has not been able to secure testimony or evidence that your client is legally liable for his injuries," but offered to dismiss Buck Kreihs for $25,000. Counsel for Buck Kreihs rejected this offer.

Buck Kreihs filed a motion for summary judgment on March 14, 2022. The plaintiff did not file any opposition and a hearing on the motion was scheduled for May 6, 2022. However, on May 4, 2022, the plaintiff filed a motion for the voluntary dismissal of Buck Kreihs.

On May 27, 2022, Buck Kreihs filed a motion for sanctions pursuant to La. C.C.P. art. 863. The plaintiff's opposition consisted of his affidavit, which directly contradicted his previous sworn deposition testimony. A hearing on the motion for sanctions took place on October 6, 2022, and immediately following the hearing, the trial court issued an oral ruling in favor of the defendant, Buck Kreihs, and against the plaintiff, Mr. Pierce. On October 7, 2022, the plaintiff filed a motion to vacate, which was heard by the trial court on October 21, 2022 and denied. The trial court also issued its written judgment granting Buck Kreihs' motion for sanctions on October 21, 2022. The trial court ordered the plaintiff to pay: Buck Kreihs' filing fees of $163.00 and service costs of $7.82 for the motion for sanctions; Buck Kreihs' reasonable attorneys' fees of $990.00 and costs of $13.99 for the hearing on October 6, 2022; and $10,000.00 in reimbursement for the cost

of reasonable and necessary discovery incurred in this matter. It is from this judgment that the plaintiff now appeals.

**DISCUSSION**

On appeal, the plaintiff raises the following lone assignment of error: the trial court abused its discretion when it ruled granting the defendant's motion for sanctions pursuant to La. C.C.P. art. 863. Also, in connection with this appeal, the defendant/appellee, Buck Kreihs, seeks sanctions pursuant to La. C.C.P. art. 2164 for the filing of a frivolous appeal, for not presenting a substantial legal question and/or presenting facts, arguments and law not supported by the record in the case on appeal.

A trial court's judgment regarding sanctions under La. C.C.P. art. 863 is reviewed under a manifest error/clearly wrong standard. *Mathis v. Mathis*, 06-1589, p. 3 (La. App. 4 Cir. 7/25/07), 964 So.2d 426, 428. Accordingly, a trial court's judgment may not be disturbed unless the record furnishes no evidence to support the court's finding, or if the finding is clearly wrong. *Id.* (*quoting Green v. Wal-Mart Store No. 1163*, 96-1124 (La. App. 4 Cir, 10/17/96), 684 So.2d 966, 969).

At issue in the instant case is whether the trial court erred in granting the defendant's motion for sanctions pursuant to La. C.C.P. art. 863. Louisiana law requires all parties to conduct an objectively reasonable inquiry into the factual basis of their allegations prior to signing and filing pleadings with the court. *See* La. C.C.P. art. 863(B); *See also John W. Fisk Co., Div. of Fisk Corp. v. Michel*, 97-

4

2105, p. 3 (La. App. 4 Cir. 3/25/98), 709 So.2d 1061, 1063.  Violation of this requirement, "shall" result in sanctions.  *See* La. C.C.P. art. 863(D).  "Subjective good faith will not satisfy the duty of reasonable inquiry."  *Loyola v. A Touch of Class Transp. Serv., Inc.*, 90-1694 (La. App. 4 Cir. 1991), 580 So.2d 506, 510.  The goal to be served by the imposition of sanctions is the "correction of litigation abuse."  *Keaty v. Raspanti*, 03-1080, p. 5 (La. App. 4 Cir. 2/4/04), 866 So.2d 1045, 1050 (*citing Joyner v. Wear*, 27,631, p. 14 (La. App. 2 Cir. 12/6/95), 665 So.2d 634, 642).

The trial court "has considerable discretion imposing the type and severity of sanctions."  *John W. Fisk Co., Div. of Fisk Corp.*, 97-2105, p. 2 , 709 So.2d at 1063.  Generally, four factors are considered in determining the appropriate sanctions award: (1) the conduct that is being punished or sought to be deterred, (2) the expenses or costs caused by the violation of article 863, (3) whether the expenses or costs were reasonable as opposed to self-imposed, and (4) whether the sanction is the least severe adequate to serve its purpose.  *Keaty*, 03-1080, p. 5, 866 So.2d at 1050 (*citing Butler v. Reader*, 98-484, p. 14 (La. App. 5 Cir. 12/28/99), 728 So.2d 888, 895).

In the instant case, the trial court awarded Buck Kreihs the costs for filing the motion for sanctions, the time and costs for the hearing on the motion for sanctions, and $10,000.00 for the reasonable and necessary discovery incurred in the matter.  The trial court found that that the plaintiff had violated its affirmative

duty to investigate the facts prior to filing suit. Therefore, such a finding was warranted.

From the time Buck Kreihs was made aware of the plaintiff's allegations, it denied ever doing any work on Crane No. 7 or the handrail in question. Mr. Pierce made no inquiry and did no investigation into the involvement of Buck Kreihs with the crane either prior to or after filing his lawsuit. Counsel for Buck Kreihs, however, did obtain the public records from the Port regarding all work ever performed on Crane No. 7 and the subject handrail by any contractor. These records were reviewed by counsel for Buck Kreihs and produced to plaintiff's counsel. Counsel for Buck Kreihs also took Mr. Pierce's deposition and he testified that he had no personal information or knowledge that Buck Kreihs did any work on the handrail. The deposition testimony of Jason Gervais also revealed he had no knowledge of Buck Kreihs ever doing any work on the subject handrail. Prior to Mr. Pierce's lawsuit being filed, his counsel was asked to produce any evidence he had regarding Buck Kreihs' connection with Crane No. 7 or the subject handrail. No evidence was ever produced. Counsel for Buck Kreihs also requested numerous times that plaintiff dismiss their client. The plaintiff only dismissed Buck Kreihs two days prior to a scheduled hearing on Buck Kreihs' motion for summary judgment.

At the hearing on the motion for sanctions, the trial court found based on the plaintiff's own deposition testimony "that it doesn't suggest that there was a legitimate basis or legal basis [or] evidentiary basis – evidentiary support for the

6

allegations against the defendant Buck Kreihs." In determining the amount of sanctions, the trial court stated: "I understand the request was for $25,000, but the Court's going to grant $10,000 and costs associated with defending the matter and having to take the depositions to investigate the matter and to get the information that was necessary to discover further that the plaintiff's claims were not based upon evidentiary support."

In the instant case, it is evident that the plaintiff's counsel did not investigate or make a reasonable inquiry into the basis of the plaintiff's claims against Buck Kreihs before filing the plaintiff's lawsuit. It is also evident that in connection with this case, Buck Kreihs' attorneys invested a considerable amount of time and work in investigating Mr. Pierce's claims, conducting depositions and other discovery, communicating with their client and Mr. Pierce's attorney, drafting documents and court appearances. When the sanctions award of $10,000 is considered in connection with the goal of preventing litigation abuse, it is evident that the award was not an abuse of the trial court's discretion. We find no error in the trial court's award.

In connection with appealing this matter, Buck Kreihs also seeks additional sanctions pursuant to La. C.C.P. art. 2164. That article states: "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be

considered equitable." *Id.* Considerations similar to those for La. C.C.P. art. 863, such as curtailing of appeals intended to delay, harass, or those which have no reasonable basis in fact or law, also apply. *See Johnson v. Johnson*, 08-0060, p. 5 (La. App. 4 Cir. 5/28/08), 986 So.2d 797, 801. A case's background and the history of the litigation may also be considered when determining whether to award sanctions in connection with an appeal. *See Hester v. Hester*, 97-2009, p. 5 (La. App. 4 Cir. 6/3/98), 715 So.2d 43, 46-47.

In *Acosta v. B&B Oilfield Servs., Inc.*, 12-0122 (La. App. 3 Cir. 6/6/12), 91 So.3d 1263, the Third Circuit found that the appeal, challenging the imposition of sanctions and the amount thereof, failed to present a substantial legal question and warranted appellate sanctions. The underlying basis for sanctions was the plaintiff's continuing pursuit of litigation after being supplied with all necessary information by the defendants warranting their dismissal. We have a similar situation in the instant case.

Applying the aforementioned standards to the case before us, it is apparent that Buck Kreihs is entitled to sanctions associated with this appeal. Buck Kreihs' counsel answered the appeal, prepared and filed a brief, as well as prepared and delivered an oral argument before this Court. These actions all required defense counsel to spend time and energy on this matter. There were also other costs involved with the appeal, including court filings, copies, postage and parking. Considering the facts surrounding this case, it would be fundamentally unfair for Buck Kreihs to have to pay these expenses. Therefore, it is reasonable to sanction

8

the plaintiff and award Buck Kreihs $2,500.00 for its costs and attorney fees associated with this appeal.

**CONCLUSION**

For the foregoing reasons, we affirm the trial court judgment in favor of the defendant, Buck Kreihs, and against the plaintiff, Mr. Pierce.  Pursuant to La. C.C.P. art. 2164, we also sanction the plaintiff in connection with this appeal and award $2,500.00 to the defendant for its costs and attorney fees associated with this appeal.

**AFFIRMED**